**Ben BORDEN, Appellant,**

v.

**W. R. SNEED, Appellee.**

No. 3374.

Court of Civil Appeals of Texas.

Waco.

May 24, 1956.

Rehearing Denied June 21, 1956.

Williams & Akin, Gallagher, Francis, Bean, Wilson & Berry, Dallas, for appellant.

Julius C. Jacobs, Dawson & Dawson, Corsicana, for appellee.

McDONALD, Chief Justice.

This is a damage suit filed by appellant Ben Borden as plaintiff, against appellee W. R. Sneed, as defendant, who is a medical doctor, for damages sustained by appellant, resulting from appellee's negligent treatment of appellant's injuries sustained in a certain automobile collision with one John W. Harrison. Parties will be referred to as in the Trial Court.

Subsequent to the institution of this suit plaintiff Borden entered into a compromise settlement with John W. Harrison and for a consideration of $3000 delivered to Harrison a "Full and Final Release," releasing Harrison from further liability as a result of the personal injuries sustained in the automobile collision.

Upon motion the Trial Court entered a summary judgment in favor of defendant decreeing that plaintiff take nothing. From such judgment plaintiff appeals, contending: (1) The Trial Court erred in holding that the compromise agreement executed by plaintiff in favor of Harrison precluded plaintiff from recovering the damages caused by defendant; (2) the Trial Court erred in granting summary judgment for defendant because the compromise agreement did not as a matter of law constitute a release of defendant.

On 26 April 1953, plaintiff was riding in an automobile in Navarro County, when such automobile was struck by another driven by John W. Harrison. As a result of this collision plaintiff sustained serious personal injuries. Following the collision plaintiff engaged the professional medical services of defendant, Dr. W. R. Sneed, for treatment of the injuries sustained in the automobile collision. Plaintiff alleges that defendant treated him negligently in many particulars, causing him to suffer greater disability than he normally would have from the original injury.

On *19 November 1953* plaintiff instituted suit against John W. Harrison for his injuries sustained as a result of the collision.

On *23 April 1955* plaintiff instituted this suit against defendant for malpractice.

On *29 April 1955* plaintiff executed what is called a *"Full and Final Release,"* which reads in part as follows:

"Now, therefore, the undersigned Ben Borden * * * do hereby acknowledge the receipt of $3250. in cash paid by John W. Harrison * * and in consideration of the premises * * * the said Ben Borden does release and forever discharge and acquit the said John W. Harrison, his agents and representatives, assigns and employees, from any and all claims, actions and causes of action of whatever kind or character which the said Ben Borden may now have or hereafter have as a result of personal injuries allegedly suffered in said above accident * * *."

The suit against Harrison was dismissed by plaintiff on 2 May 1955.

Defendant's motion for summary judgment was based upon the foregoing and upon the proposition that the release signed by plaintiff to Harrison as a matter of law released the cause of action that he asserts against defendant.

At the hearing on summary judgment plaintiff's evidence was to the effect that he did not intend to release defendant herein when he executed the release in favor of Harrison.

The Trial Court granted defendant's motion for summary judgment and upon re-

quest filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1. On 26 April 1953 plaintiff was injured in an automobile collision and thereafter filed suit against John W. Harrison, as the tortfeasor.

2. On 23 April 1955 plaintiff filed this action against Dr. W. R. Sneed, alleging that the injuries sustained by him in the 26 April 1953 collision had been negligently treated by Dr. Sneed, resulting in a prolongation of his incapacity and suffering.

3. On 29 April 1955 plaintiff signed and acknowledged an instrument called "Full and Final Release" in favor of the original tortfeasor Harrison, in which it was provided: "The said Ben Borden does release and forever discharge and acquit the said John W. Harrison, his agents, representatives, assigns and employees, from any and all claims, actions and causes of actions of whatever kind or character which the said Borden may now have or hereafter have as a result of personal injuries allegedly suffered in said accident."

4. Borden received the sum of $3000.00 for such release.

5. Dr. W. R. Sneed, defendant herein, was the physician of plaintiff's own choice and was employed by Borden.

6. The pleading and deposition of plaintiff establish that the cause of action asserted in the instant case is one for aggravation of the injuries as the result of negligent treatment of same, and is not one in which damages are sought for new or different injuries or damages caused by such alleged maltreatment.

7. Neither Borden or his attorney realized when the above full and final release was executed in favor of Harrison that such release would have the legal effect of releasing his entire cause of action and would preclude him from a recovery against the physician who allegedly, through negligence, aggravated such injuries.

8. At the time such release was executed by plaintiff, he had full knowledge of the alleged malpractice, and in his petition he alleged that he had incurred additional medical bills, all of which were set forth in the petition filed 9 days before the release was acknowledged.

### Conclusions of Law

1. In his action against Harrison plaintiff could have recovered all damages proximately traceable to the primary negligence, and this right of recovery extended to subsequent aggravations whose probability the law regards as a sequence and natural result likely to flow from the original injury. Malpractice of an attending physician has always been regarded by the law as one of the probable consequences of the injury, whether the surgeon be furnished by the tortfeasor or by the injured party.

2. Harrison was liable not only for the injury and resulting suffering of plaintiff, but also for the malpractice of defendant, and for the expense of further medical care.

3. When plaintiff executed a full and final release, releasing Harrison, his agents, assigns, etc., from any and all claims, actions and causes of action, which he had then or might thereafter have or assert, at a time when he knew of such alleged malpractice and had employed another surgeon and physician to remedy same, such release had the effect, in law to preclude plaintiff from a further recovery against defendant.

4. The overwhelming weight of authority in other states and the single authority on the subject in Texas, Phillips v. Wright, Tex.Civ.App., 81· S.W.2d 129, 131, er. dis., is to the effect that a complete and unconditional release of the principal tortfeasor has the effect of releasing the physician or surgeon who treated the injured party and was guilty of malpractice in such treatment.

5. The fact that neither plaintiff nor his attorney knew that such release would have the effect of releasing the defendant, or that plaintiff did not intend to release the defendant, would not alter the rocognized rule that the attending physician or surgeon is

released from liability under such general release; and the mistake so made was a mistake of law and not of fact.

6. Plaintiff is precluded from further prosecuting his cause of action as alleged in his petition, against defendant, by virtue of having executed and acknowledged the general release in favor of Harrison, the original and principal tortfeasor.

The facts in the case at bar are without dispute, and there is nothing in the pleadings or evidence of plaintiff tending to establish that defendant's treatment caused a new injury; the pleadings as well as plaintiff's own testimony are both to the effect that defendant's treatment contributed to the old injuries and effected an aggravation of such injuries. Plaintiff himself testified:

"The thing I objected to was I didn't feel like he was doing all he could and should have done to speed my recovery from the injury, and I felt that my injuries were prolonged and aggravated by what he did and what he failed to do."

The dominant question posed by this appeal is whether or not a release by an injured party of the one responsible for his original injury bars action by the injured party against a physician or surgeon for negligent treatment of the injury.

The case of Phillips v. Wright, Tex.Civ. App., 81 S.W.2d 129, W/E dis., 130, is an almost identical factual situation with the case at bar. In that case the plaintiff was injured by the bus company. He sued the bus company and made a settlement with them, executing to the bus company a release, viz.:

" 'Do hereby release and forever discharge the said [bus company] * * * from any and all liability of every kind and character * * * growing out of * * * the accident * * * said Phillips had * * * with the coach of the North Texas Coach Company.' "

After the settlement was made plaintiff brought suit against the physician to recover damages for malpractice in the treatment

of his injuries. The release was pleaded in bar of plaintiff's right to recover (as was done in the instant case) and the court, in denying recovery, held that:

"Where a plaintiff was injured in a motor bus accident and settled the claim against the bus company and released it 'from any and all liability of every kind and character, whether known or unknown, growing out of or incident to the accident', that such release operates to discharge the attending physician from liability to the plaintiff for allegedly negligent treatment of such injuries."

40 A.L.R.2d at page 1077, states the rule in accord with the above, and as follows:

"By the weight of authority, a general release by the one responsible for the releasor's original injury bars action by the injured party against a physician or surgeon for negligent treatment of the injury. The most commonly followed reasoning in support of this position is that since the one causing the original injury is liable for the consequences of the physician's negligence, which would not have occurred 'but for' the original negligence and injury, where the physician was selected with due care by the injured party, a release of the one so liable must be considered to have been a release of the claim based upon the physician's negligence as well as the negligence of the original wrongdoer."

The foregoing annotation cites cases from some 44 states as being in accord with the rules stated and representing the weight of authority. Some of such cases are: Smith v. Mann, 184 Minn. 485, 239 N.W. 223; Benesh v. Garvais, 221 Minn. 1, 20 N.W.2d 532; Retelle v. Sullivan, 191 Wis. 576, 211 N.W. 756, 50 A.L.R. 1106; Keown v. Young, 129 Kan. 563, 283 P. 511; Edmondson v. Hancock, 40 Ga.App. 587, 151 S.E. 114; Milks v. McIver, 264 N.Y. 267, 190 N.E. 487; Thompson v. Fox, 326 Pa. 209, 192 A. 107, 112 A.L.R. 550; Smith v. Thompson, 210 N.C. 672, 188 S.E. 395; Feinstone v. Allison Hospital, 106 Fla. 302,

143 So. 251; Wells v. Gould, 131 Me. 192, 160 A. 30; Adams v. DeYoe, 166 A. 485, 11 N.J.Misc. 319; Guth v. Vaughan, 231 Ill.App. 143; Mier v. Yoho, 114 W.Va. 248, 171 S.E. 535; Sams v. Curfman, 111 Colo. 124, 137 P.2d 1017; Sands v. Wilson, 140 Fla. 18, 191 So. 21; Phillips v. Werndorff, 215 Iowa 521, 243 N.W. 525; Sacchetti v. Springer, 303 Mass. 480, 22 N.E.2d 42; Booker v. Kansas City Gas Co., 231 Mo.App. 214, 96 S.W.2d 919; Armieri v. St. Joseph's Hospital, 159 Misc. 563, 288 N.Y.S. 483; Shaw v. Crissey, 182 Misc. 27, 43 N.Y.S.2d 237; Kropp v. DeAngelis, Sup., 138 N.Y.S.2d 188; Tanner v. Espey, 128 Ohio St. 82, 190 N.E. 229; Williams v. Dale, 139 Or. 105, 8 P.2d 578, 82 A.L.R. 922; Thompson v. Fox, 326 Pa. 209, 192 A. 107, 112 A.L.R. 550; Byrd v. Crowder, 166 Tenn. 215, 60 S.W.2d 171; Conley v. Hill, 115 W.Va. 175, 174 S.E. 883.

Plaintiff cites the California case of Dickow v. Cookinham, 123 Cal.App.2d 81, 266 P.2d 63, 40 A.L.R.2d 1066, in support of a view contrary to the foregoing, and in support of his position. Such may be the law in California, but we believe that the views expressed by our Texas Court in the Phillips case, supra, as well as by the weight of authority in some forty-four other states, represents the sounder position. It is not difficult to find justification for the prevailing view when we consider that the injured party has the legal right to recover from the original wrongdoer all his injuries and damages, including subsequent maltreatment and subsequent injuries. If there is liability, let it fall on the wrongdoer who originated the injuries, and not on the medical practitioner who is serving mankind in a none too appreciative world. When the injured party elects to release the one who is primarily liable for his injuries, it is neither unjust nor inequitable to hold that his release of the wrongdoer serves to release also the physician who treated him in his injuries at a time when he needed treatment and relief from suffering.

From the foregoing it follows that the plaintiff's contentions are overruled and the judgment of the Trial Court is

Affirmed.