Andrew SIMS, Appellant,

v.

Arthur AURINGER, Appellee.

No. 15805.

Court of Civil Appeals of Texas.

Fort Worth.

April 5, 1957.

Rehearing Denied May 3, 1957.

Borden v. Sneed, Tex.Civ.App.Waco 1956, 291 S.W.2d 485, writ ref., n. r. e. In each instance the plaintiff knew, at the time he settled his claim against the tort-feasor who had injured him, that he had a cause of action against the defendant for malpractice. In fact his several suits against these parties were pending at the very time he settled with the tort-feasor. In the present instance there is no question but what the instrument executed was a legal release which operated to fully and finally discharge the tort-feasor, and by the weight of authority, the plaintiff's release of the one party on account of his original injury operated to bar any further action by him against the defendant. See the authorities under Borden v. Sneed, supra.

█ A difference does exist in the instant case from that of the Borden v. Sneed case. In such case the release which had been executed by the plaintiff had been pleaded by the defendant as an affirmative defense. In the instant case defendant's only pleading, as of the time he filed and obtained a hearing of the motion for summary judgment, was a general denial of the plaintiff's allegations. The motion for summary judgment does affirmatively set the release up, however, and in substance the motion was predicated upon its operation as a bar. The plaintiff, in his reply to the motion, admits the execution of the release. We are of the opinion that for the purposes of the of the summary judgment hearing the allegations of defendant concerning the release in the motion filed constitute a compliance with the requirements of Texas Rules of Civil Procedure, rule 94 within the limitations of the proceeding under T.R. C.P. 166–A. In any event the issue was treated as raised by the parties at the time of the hearing of the summary judgment and under such circumstances we, in turn, will treat it as if it had been raised in the defendant's answer. See T.R.C.P. 67.

█ Plaintiff strenuously urges that we consider the fact that the tort-feasor only

Mullinax & Wells and Otto B. Mullinax, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and J. A. Gooch, Fort Worth, for appellee.

MASSEY, Chief Justice.

Andrew Sims received personal injuries pursuant to an automobile collision. He selected as his treating physician Dr. Arthur Auringer. Subsequently plaintiff Sims sued the third party tort-feasor for damages on account of the accident, and a little later he sued the defendant Auringer for damages as the result of alleged malpractice in the treatment of the injuries resulting from the accident. While both suits were pending the plaintiff agreed to settle his claim against the tort-feasor. He dismissed his suit and executed a common-law release. Defendant then filed a motion for summary judgment in plaintiff's suit for malpractice. The trial court entered summary judgment as prayed for. It was from this judgment that plaintiff perfected his appeal.

Judgment affirmed.

█ The material facts in this case are indistinguishable from those in the case of

had $5,000.00 worth of liability insurance coverage and that he settled for that when his damages were greatly in excess of this amount. He contends that this would disclose his intent not to settle his entire cause of action. We are of the opinion that we cannot consider plaintiff's reasons for doing what he did pursuant to the negotiation of the settlement, nor the financial responsibility of the person with whom he settled. While plaintiff might be entitled to have such done in connection with litigation between himself and the tort-feasor, he is not so entitled in connection with litigation between himself and the defendant.

The judgment is affirmed.