W. M. Lee, Petitioner
v.
State of Texas, Respondent

No. A-8484.  Decided January 2, 1962
352 S.W. 2d 724

*Davis, Kee & Thomas,* Angleton, for petitioner.

*Will Wilson,* Attorney General, *J. Arthur Sandlin,* Assistant Attorney General, and *Joe G. Davis,* Huntsville, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The controlling question in this case relates to the constitutionality of that portion of Senate Bill No. 317 of the Acts of the Regular Session of the 56th Legislature (Acts 1959, ch. 201, p. 472) which purports to authorize the Texas Board of

Corrections to condemn certain lands in Brazoria County, Texas. The caption of the Act reads as follows:

"An Act concerning State Prison lands in Brazoria County; and declaring an emergency."

Petitioner here asserts that insofar as the power to condemn lands is concerned, this caption is patently insufficient to meet the requirements of Article 3, Sec. 35 of the Texas Constitution which provides that:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

We agree with petitioner's contention.

The trial court held for the condemnee Lee (petitioner here) upon the ground that certain jurisdictional requirements prescribed by Article 3264, Vernon's Ann. Texas Stats., had not been met. The Court of Civil Appeals correctly held that the trial court erred in the particular mentioned, but in reversing the judgment of the trial court the Court of Civil Appeals overruled Lee's contention based upon Article 3, Sec. 35 of the Constitution. See State v. Lee, 346 S.W. 2d 498.

Section 1 of Senate Bill No. 317 authorizes the Texas Board of Corrections to sell and convey certain described land in Brazoria County. Section 2 of the Act provides that the Board shall have the right to acquire the surface estate in several described tracts by eminent domain. Nine separate tracts are described, including two tracts belonging to the petitioner. These tracts lie within the limits of the Ramsey State Prison Farm. Section 3 contains the emergency clause which recites that a security hazard exists because of the presence of privately owned tracts within the limits of Ramsey Prison Farm.

The courts have construed Article 3, Sec. 35 of the Constitution upon numerous occasions. As a result, there is an abundance of authority to sustain certain broad, general principles governing its application.

■ It is well established that the caption of an act should be liberally construed so as to uphold its validity if at all possible. Gulf Insurance Co. v. James, 143 Texas 424, 185 S.W. 2d 966. It has also been said that, "None of the provisions of a statute should be regarded as unconstitutional when they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title." Austin v. Gulf, Colorado & Santa Fe R. Co., 45 Texas 234. So long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably connected, germane, incidental, or relevant to the main subject.

However, in Consolidated Underwriters v. Kirby Lumber Co., Texas Com. App., 267 S.W. 703, holdings approved by the Supreme Court, Judge Robert W. Stayton, writing for the Commission, said:

"[I]t has been held that * * * particular provisions are not within a given title where no subject at all is expressed in the title; where the ultimate subject expressed and that provided for are plainly different; where the provisions are palpably ulterior or foreign to the title; where they are separate, distinct from, and not germane to the subject expressed; where by no intendment they possess a necessary or proper connection with it; where they are disconnected from it and inappropriate to it; or where the provisions come clearly within the evil to be suppressed."

There is no substantial difference between petitioner and respondent as to these basic principles but rather a divergence between them as to their application to the factual situation of this particular case.

■ Our agreement with petitioner is predicated upon the fact that Section 2 of the Act, authorizing the State to condemn the lands of private citizens, does not "concern" *prison* lands in any way. It is undoubtedly true that had the State successfully condemned these lands, they would have become prison lands. But the caption of the Act does not state that it concerns the *acquisition* of prison lands, or lands which are about to be prison lands. We do not believe that the caption would reasonably give fair notice to a legislator or any other person interested in the subject matter of the bill that the proposed act would provide for the condemnation of *private* lands. A most liberal interpretation would not allow us to say that a statutory provision which concerns the condemning and acquisition of private lands is rea-

sonably related to the subject of the caption, which uses the words "concerning prison lands", that is, lands owned for prison purposes. We must hold that Section 2 of the Act is unconstitutional and void.

The judgment of the Court of Civil Appeals is reversed, and the trial court's judgment of dismissal is affirmed.

Opinion delivered January 2, 1962.