**Rupert L. CANNON, Appellant,**

v.

**Dr. Harris F. PEARSON et al., Appellees.**

**No. 16476.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1963.

Rehearing Denied Jan. 24, 1964.

Harris & Ball, and Chester G. Ball, Arlington, for appellant.

Hill & Paddock, and Homa S. Hill, Fort Worth, for appellees.

RENFRO, Justice.

A summary judgment was entered for Dr. Harris F. Pearson and Mid-Cities Memorial Hospital Corporation in a suit brought against them by Rupert L. Cannon and wife for damages for negligent treatment of their minor daughter, Mary Lee Cannon, for injuries sustained in an accident.

Mary Lee, age 4, was struck by an automobile on August 3, 1962, and suffered a head injury. She was taken to Mid-Cities Hospital in Grand Prairie immediately. She remained in said hospital under the care of Dr. Pearson, until August 5. Her condition became worse and on August 5 plaintiffs ordered her moved to the Arlington Memorial Hospital, where she was administered emergency treatment, then rushed to St. Joseph's Hospital in Fort Worth. Surgery was performed at St. Joseph's, but the child died on August 7. On August 4, the owner and the driver of the automobile (A. M. Donnelly and O. W. Feemster) which struck the child began negotiations with plaintiffs. On August 6, a settlement was agreed upon and on August 10 a written release was executed by plaintiffs to Donnelly and Feemster. Sub-

sequently thereto, plaintiffs initiated the instant suit. By deposition plaintiffs testified to what they considered neglect or negligence on the part of the defendants. It was their dissatisfaction with the care being given that prompted them to move the child to another hospital under the care of another doctor.

Plaintiffs contend there was a question of fact as to whether the release and settlement was for full or partial settlement.

The instrument executed by plaintiffs read as follows: "Full and Final Release Covering All Claims or Rights of Action of Every Description, Past, Present or Future. For and in Consideration of the sum of Three Thousand Five Hundred and No/100 Dollars ($3,500.00) to me/us in hand paid by A. M. Donnelly DBA Bell Cab Company and O. W. Feemster the receipt of which is hereby acknowledged, I/we being of lawful age, for myself/ourselves, by/our heirs, administrators, executors, successors and assigns hereby fully and forever release, acquit and discharge the said A. M. Donnelly DBA Bell Cab Company and O. W. Feemster heirs, administrators, executors, successors and assigns from any and all actions, causes of action, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages by me/us or my/our property sustained or received on or about the 3rd day of August, 1962 through an accident occurring in the 600 Block of Ouida Street in Grand Prairie, Texas wherein Mary Lee Cannon was injured, resulting in damages and injuries for which injuries, losses and damages I/we claim the said A. M. Donnelly D.B.A. Bell Cab Company and O. W. Feemster to be legally liable, which liability is expressly denied, it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability. It is expressly understood and agreed that this release and settlement is intended to cover and does cover not only all now known injuries,

losses and damages but any future injuries, losses and damages not now known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof; and I/we hereby declare that I/we fully understand the terms of this settlement; that the amount stated herein is the sole consideration of this release and that I/we voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting or to result from said accident."

Plaintiffs' petition in the instant suit included a claim for recovery of the funeral bill and services rendered by defendants which were presented to the automobile owner prior to settlement.

Closely in point both as to undisputed facts and contentions made by plaintiffs is the case of Borden v. Sneed, Tex.Civ.App., 291 S.W.2d 485. In said case the court stated: "The dominant question posed by this appeal is whether or not a release by an injured party of the one responsible for his original injury bars action by the injured party against a physician or surgeon for negligent treatment of the injury." The court cites 40 A.L.R.2d 1077: "'By the weight of authority, a general release by the one responsible for the releasor's original injury bars action by the injured party against a physician or surgeon for negligent treatment of the injury. The most commonly followed reasoning in support of this position is that since the one causing the original injury is liable for the consequences of the physician's negligence, which would not have occurred "but for" the original negligence and injury, where the physician was selected with due care by the injured party, a release of the one so liable must be considered to have been a release of the claim based upon the physician's negligence as well as the negligence of the original wrongdoer.'" After citing numerous authorities, the court held: "When the injured party elects to release the one who is primarily liable for his in-

juries, it is neither unjust nor inequitable to hold that his release of the wrongdoer serves to release also the physician who treated him in his injuries at a time when he needed treatment and relief from suffering."

This court in Sims v. Auringer, 301 S.W. 2d 286, followed Borden v. Sneed, supra.

In an earlier case this court held in Phillips v. Wright, 81 S.W.2d 129, that a release executed by plaintiff, who was injured in a motor bus accident and released the bus company from any and all liability of every kind and character, whether known or unknown, growing out of or incident to the accident, operated to discharge the attending physician from liability to plaintiff for allegedly negligent treatment of his injuries.

Believing as we do that the undisputed facts and the terms of the release agreement operated as a release to defendants as a matter of law, we affirm the summary judgment which so holds.

Affirmed.