Rene YEARY et al., Appellants,

v.

Hollis BOND et al., Appellees.

No. 7450.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 2, 1964.

Rehearing Denied Nov. 30, 1964.

Thomas J. Griffith, Jr., Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

DENTON, Chief Justice.

Appellants, Rene Yeary and other property owners, brought this suit against Hollis Bond and others, individually and as directors of the Caprock Hospital District, and the Commissioner's Court of Floyd County, Texas attacking the constitutionality of Article 4494q–14, Vernon's Ann.Civ.St., which created the Caprock Hospital District lying within the boundaries of Precincts 1, 3, and 4 of Floyd County. Appellants sought a declaratory judgment declaring the creating statute unconstitutional; nullifying the election creating the hospital district; and sought an injunction against the defendants from levying, assessing, or collecting taxes or expending money and pledging credit of the district.

Appellants challenge the constitutionality of Article 4494q–14 on the grounds the act failed to meet the constitutional requirement of an affirmative vote of a majority of the taxpaying voters in the district; that the caption of the statute is inadequate; that the enabling act has as its principal object the raising of revenue and is therefore unconstitutional in that it originated in the Senate; that Section 14 of the enabling act is a grant of judicial

power to the district in violation of the Texas Constitution; and the alleged gerrymandered district and mode of taxation is invalid. As we understand it, appellants take the position the act creating the Caprock Hospital District is unconstitutional in that it does not require an *affirmative vote of a majority of the taxpaying voters in the district concerned* as required by Article 9, Section 9 of the Texas Constitution, Vernon's Ann.St., but only requires a *majority of the qualified property taxpaying electors of the district voting at an election called for such purposes.* (Emphasis added) In other words appellants contend Article 9, Section 9 requires an affirmative vote of the majority of the taxpaying voters regardless of the number of such voters participating in an election.

The act creating the Caprock Hospital District was enacted under authority granted the Legislature in Section 9, Article 9 of the Constitution. This section provides in part:

"providing that such district shall not be created or such tax authorized unless approved by a majority of the qualified property taxpaying electors thereof voting at an election called for the purpose; * * *.

"Provided, however, that no district shall be created except by act of the Legislature and then only after thirty (30) days' public notice to the district affected, and in no event may the Legislature provide for a district to be created without the affirmative vote of a majority of the taxpaying voters in the district concerned."

Section 3 of Article 4494q–14 provides in part:

"Sec. 3. The District shall not be created nor shall any tax therein be authorized unless and until such creation and such tax are approved by a majority of the qualified property taxpaying electors of the District voting at an election called for such purpose."

Appellants contend the quoted portion of Section 3 of the act is in conflict with the last paragraph of Section 9, Article 9 of the Constitution. This would be correct only if the applicable constitutional provision and statute called for a different standard of voter approval. It is to be noted the first paragraph of Article 9, Section 9, and Article 4494q–14, Section 3 employ the same language, to-wit: "approved by a majority of the qualified property taxpaying electors * * * voting at an election * * *." "Electors" is used in both instances while in the second paragraph of Article 9, Section 9, the term "voters" is used. We think this is significant.

In State ex rel. Wilkinson v. Self, (Tex.Civ.App.), 191 S.W.2d 756, the San Antonio Court was called on to determine the validity of an election to annex territory to a city under Article 1182a, V.A.C.S. The contention that the term "voters" required that the election carry by an affirmative vote in excess of fifty per cent of the number of voters qualified to vote was overruled. The court held: "In our opinion the word 'voter' as used in the excerpts from Article 1182a, above quoted, means those who actually cast a legal vote at the elections provided for by the Article. Shaw v. Lindsley, Tex.Civ. App., 195 S.W. 338, and authorities therein cited." See also Marsden v. Troy, (Tex. Civ.App.), 189 S.W. 960; and Bradshaw v. Marmion (Tex.Civ.App.) 188 S.W. 973. We therefore conclude, and so hold, the phrase in Article 9, Section 9, "the affirmative vote of a majority of the taxpaying voters in the district concerned," means an affirmative vote of a majority of the qualified taxpaying electors voting in the election. This interpretation coincides with the language in the first paragraph of the same section and the one quoted in Article 4494q–14, Section 3. They are not in conflict. This holding is in conformity with the settled rule of in-

struction that all provisions of the Constitution relative to the same subject are to be construed together, and that an interpretation be given which will avoid a conflict if possible. 12 Jur.2d, Constitutional Law, Sections 27 and 28, and authorities there cited.

Appellants also urge that the enabling act is unconstitutional in that the caption is inadequate to meet the requirements of Article 3, Section 35 of the Texas Constitution. The caption of Senate Bill No. 486, the enabling act under consideration here, is as follows:

"An Act providing for the creation of a hospital district to be known as Caprock Hospital District with boundaries coextensive with the boundaries of Commissioners Precincts 1, 3 and 4 of Floyd County; providing for elections on the questions of the creation of such District and the levy of a tax not to exceed Seventy-five Cents (75¢) for its maintenance support, the indebtedness assumed, and the payment of bonds issued by it; providing the transfer of hospital facilities and assumption of indebtedness and assets; providing the District with power to issue bonds, and methods for authorizing same, for the purpose of the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same for hospital purposes, and for any and all such purposes, and for the refunding of such bonds; providing that bonds issued by the District shall be lawful investments and security for certain funds; providing a governing body for such District, its powers and duties and the tenure of its members; withdrawing authority for the sale of bonds or levy of taxes for hospital purposes by any other municipality or political subdivision therein; enacting other provisions incident and germane to the subject and purpose of this Act; providing a severance clause; and declaring an emergency."

Appellants complaint of the caption authorizing a "levy of tax not to exceed seventy-five cents (75¢)" whereas the body of the statute permits a maximum tax of "Seventy-five cents (75¢) per One Hundred Dollars ($100.00) valuation." This apparent discrepancy was ruled on contrary to appellants' contention by the Supreme Court in Sweeny Hospital District v. Carr, Tex., 378 S.W.2d 40. Other discrepancies complained of deal with provisions omitted from the caption but included in the body of the statute. These included: reference to annexed territory; providing for transfer of hospital facilities and assumption of indebtedness and assets; exemption of bonds issued by the District from state and local taxation; the granting to the District the power of eminent domain; and a provision for the procedure in caring for the indigent and mode of enforcement. Our courts have uniformly held that Section 35 of Act 3 of the Texas Constitution should be given a liberal and not a strict construction. Lee v. State of Texas, 163 Tex. 89, 352 S.W.2d 724; Consolidated Underwriters v. Kirby Lumber Co., (Tex.Comm.App.), 267 S.W. 703. The purposes of the constitutional provisions relating to captions are to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented. It is not necessary to set out the full details of the bill. It is sufficient if the provisions of the statute relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title. Central Education Agency v. Independent School District, 152 Tex. 56, 254 S.W.2d 357; Continental Bus System v. Carney, (Tex.Civ.App.), 310 S.W.2d 676, (Error Refused); 53 Tex.Jur.2d, "Statutes" Sections 50 and 51. We conclude the caption is sufficient and conforms to the requirements of Section 35 of Article 3 of the Constitution.

Another contention is that the Act's principal purpose was to raise revenue, and as such, is a violation of Article 3, Section 33 of the Texas Constitution in that the Act originated in the Senate. This constitutional provision applies only where the main purpose of the bill is to raise revenue and not to bills for other purposes which may incidentally raise revenue. Stuard v. Thompson, (Tex.Civ.App.), 251 S.W. 277; Raymond v. Kibbe, 43 Tex.Civ. App. 209, 95 S.W. 727, (Error Refused); Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865. It is clear the primary purpose of this enabling statute was to create a hospital district with powers to establish and maintain hospital facilities. The authority granted to issue bonds and levy taxes is the means by which to operate the hospital facility. The raising of revenue was a necessary incident to the creation of the hospital district. We conclude the Act is not in violation of Article 3, Section 33 of the Constitution.

Appellants further contend Section 14 of the enabling act is an unconstitutional grant of judicial power to the hospital district's administrator or manager in violation of Section 1, Article 2, and Section 1, Article 5 of the Texas Constitution. The section complained of gives the hospital officials authority to inquire of patients and their families their ability to pay for their support; and the authority to collect such sums from the estate of the patient or his relatives legally liable for his support. Should there be a dispute as to the ability to pay between those liable and the hospital administrator, the Board of Directors, after a hearing, shall make a determination of such dispute. We are of the opinion this contention is without merit. These are administrative functions which are necessary for orderly, businesslike operation of the hospital district. The authority of the administrator or manager is limited by the statute and in no way infringes upon the judicial functions of our courts. This act does not deprive the courts of their constitutional jurisdiction of such disputes.

1 Tex.Jur.2d, Administrative Law, Section 9, Pages 654–655, and authorities therein cited.

Appellants next attack the notice calling for a bond election which limited the election to those voters who have "duly rendered" their property for taxation. The Supreme Court in Sweeny Hospital District v. Carr, supra, has passed on this question, and the court held: "We conclude that the statute does require that the property owners of the district shall have 'duly rendered' their property before they are qualified to vote in the bond election, and therefore that the statute is constitutional."

As we understand it, appellants also contend the enabling act is unconstitutional for the reason the whole of Floyd County is not included in the hospital district so created. This is specifically authorized by Article 9, Section 9 of the Constitution which provides:

"The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties * * *."

By the last point of error appellants urge the trial court erred in granting a summary judgment on the ground material issues of fact were raised. It is appellants' contention fact issues raised by the pleadings and an affidavit of one of the appellants include the intent of the framers of the statute and constitutional amendment; and the assertion by affidavit that the evaluation of the property on the county tax rolls are unjust and inequitable. The language of the Constitution is presumed to express the will and intention of the people. Orndorff v. State ex rel McGill, (Tex.Civ. App.), 108 S.W.2d 206, (Error Refused). When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has

alleged matters which, if proved, would require that a different judgment be rendered. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492. The affidavit of Durrel Fortenberry challenging the tax rolls and mode of assessment presents no material issue of fact in this case. The question to be decided is the validity and constitutionality of the act creating the hospital district. A determination of this question is not a question of fact but a question of law. Trewitt v. City of Dallas, (Tex.Civ.App.), 242 S.W. 1073. We therefore conclude the trial court did not err in granting appellees' motion for summary judgment.

In our opinion the record in this case fails to show reversible error. All of appellants' points of error are overruled and the judgment of the trial court is affirmed.