

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 6, 1967

Honorable George T. Hinson
Chairman
House Education Committee
House of Representatives
Austin, Texas

Opinion No. M-49

Re: Constitutionality of
House Bill 659 which
would authorize state-
supported institutions
to establish clothing
and appearance require-
ments.

Dear Mr. Hinson:

You have requested the opinion of this office as to
whether House Bill 659, as proposed by the 60th Legislature,
1967, is constitutional.

Section 1 of House Bill 659 provides that:

"The administrative authorities of any
state-supported institution may establish minimum
standards for attire and personal appearance for
all persons who are officially admitted to the use
of the facilities of such an institution, committed
or confined by law to such an institution, or em-
ployed by such an institution."

In the case of Foley v. Benedict, 122 Tex. 193, 55
S.W.2d 805 (1932), a student of the School of Medicine of the
University of Texas had been dismissed for failure to maintain
the minimum grade requirements which had been adopted by the
administration of the University of Texas. In upholding the
authority of the University officials to promulgate these regula-
tions, the Court stated in its opinion that:

". . .The authorities sustain certain
general rules with regard to the government
of institutions supported and maintained by
the state. In 24 R.C.L. pp. 575-576, § 24,
the rule is announced as follows: 'The courts
will not interfere with the exercise of dis-
cretion by school directors in matters confided

- 224 -

by law to their judgment, unless there is a
clear abuse of the discretion, or a violation
of law.  So the courts are usually disinclined
to interfere with regulations adopted by school
boards, and they will not consider whether the
regulations are wise or expedient, but merely
whether they are a reasonable exercise of the
power and discretion of the board.  Acting
reasonably within the powers conferred, it is
the province of the board of education to deter-
mine what things are detrimental to the success-
ful management, good order, and discipline of
the schools and the rules required to produce
these conditions.  The presumption is always
in favor of the reasonableness and propriety
of a rule or regulation duly made.  The
reasonableness of regulations is a question
of law for the courts.'

"In 24 R.C.L., pp. 646, 647, § 105, the
following rule is announced:  'The enjoyment
of the right of attending the public schools is
necessarily conditioned on compliance by pupils
with the reasonable rules, regulations, and re-
quirements of the school authorities, breaches
of which may be punished by suspension or ex-
pulsion.  Ordinarily the school authorities have
the right to define the offenses for which the
punishment of exclusion from school may be im-
posed, and to determine whether the offense has
been committed, the limitation on this authority
being that it must in both respects be reasonably
exercised.  The power of expulsion given to the
directors is not limited to cases of infraction
of such rules as they may have theretofore adopted,
but extends to cases where they may have become
satisfied that the interests of the school require
the expulsion of a pupil on account of his gross
misbehavior, and the discretion vested in school
authorities in this respect is very broad, but
they will not be permitted to be arbitrary.'"
(Emphasis added.)

See also the case of Cornette v. Aldridge, 408 S.W.2d 935 (Tex.
Civ.App., 1966, error ref., n.r.e.).

In view of the foregoing authorities, we are of the
opinion that it would not be unconstitutional for the Legislature

of the State of Texas to delegate to the administrative authorities of state-supported institutions the authority to establish minimum standards for attire and personal appearance of persons admitted, committed, or employed by such institutions as is proposed in House Bill 659. However, any such minimum standards for attire and personal appearance adopted by the administrative authorities of state-supported institutions would have to be reasonable. In this connection, the issue of whether a particular standard adopted by the administrative authorities of a state-supported institution is reasonable, can only be resolved by the courts upon a consideration of the particular minimum standard in question.

While we are of the opinion that it would not be unconstitutional for the Legislature to delegate to the administrative authorities of state-supported institutions the authority to establish minimum standards for attire and personal appearance, it must also be pointed out that House Bill 659 must comply with the provisions of Section 35 of Article III of the Constitution of Texas which is set forth as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption of House Bill 659 provides that it is an act:

". . .authorizing state-supported institutions to establish clothing and appearance requirements for persons availing themselves of the services offered by the institution. . . ." (Emphasis added.)

However, Section 1 of House Bill 659 authorizes state-supported institutions to establish these requirements for all persons:

". . .admitted to the use of the facilities of such an institution, committed or confined by law to such an institution, or employed by such an institution." (Emphasis added.)

In the case of Sutherland v. Board of Trustees of Bishop Independent School District, 261 S.W. 489 (Tex.Civ.

App. 1924, error ref.), the court had before it the issue of whether a particular act of the Legislature was in violation of Section 35 of Article III of the Constitution of Texas. The court in its opinion stated:

> "The title of the act in question affirma-
> tively purports to affect two existing districts,
> which are expressly designated for that purpose,
> and by clear and impressive implication negatives
> any purpose to legislate as to the two unnamed
> districts, and no one on reading the title could
> possibly understand or infer from its recitals
> that the provisions in the body of the act effect-
> ually deprive the Aqua Dulce and No. 4 districts
> of substantial portions of their territory, popula-
> tion, and revenues. The true test to be applied
> in cases of this character is: Does the title
> fairly give notice by its recitals, to all persons
> concerned, of the subject matter of the act? If
> by its title it appears to affect only the residents
> of particularly designated localities, while the
> provisions in the body of the bill affect other
> localities or territory, then the title is mis-
> leading and unconstitutional, in so far as it
> affects the unnamed places." (Emphasis added.)

While such cases as Lee v. State, 163 Tex. 89, 352 S.W.2d 724 (1962), hold that captions of legislative enactments should be liberally construed so as to uphold the validity of the enactment if possible, we are of the opinion that House Bill 659 does not presently meet the requirements of Section 35 of Article III of the Constitution of Texas and the test set out in Sutherland v. Board of Trustees of Bishop Independent School District, supra. The title or caption of House Bill 659 appears to affect only those persons availing themselves of the services offered by the state-supported institutions. However, the provisions in the body of House Bill 659 disclose that the enactment also affects those persons committed or confined by law to such institutions and those persons employed by such institutions.

In view of the foregoing, we are of the opinion that House Bill 659 in its present form is in violation of Section 35 of Article III of the Constitution of Texas, insofar as it pertains to those persons committed or confined by law to state-supported institutions and those persons employed by state-supported institutions.

Hon. George T. Hinson, page 5 (M-49)

## S U M M A R Y

House Bill 659, as proposed by the 60th Legislature is constitutional insofar as it delegates to the administrative authorities of state-supported institutions the authority to establish minimum standards for attire and personal appearance of persons admitted, committed or employed by such institutions.

House Bill 659, in its present form, violates the caption requirements of Section 35 of Article III of the Constitution of Texas insofar as it pertains to those persons committed or confined by law to state-supported institutions and those persons employed by state-supported institutions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General
PB:sck:mkh

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
William J. Craig
Alan Minter
Linward Shivers
Charles Rose

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.