Edward F. ROTHWELL, Appellant,

v.

LONE WOLF ELECTRIC COOPERATIVE, INC. et al., Appellees.

No. 4328.

Court of Civil Appeals of Texas.

Eastland.

July 25, 1969.

Rehearing Denied Aug. 15, 1969.

Frank Ginzel, Dell Barber, Colorado City, for appellant.

Nunn, Griggs & Beall, Charles R. Griggs, Sweetwater, for appellees.

WALTER, Justice.

Appealed from the District Court of Mitchell County.

Edward F. Rothwell filed suit against Lone Wolf Electric Cooperative and James T. Hull for breach of an employment contract. Defendants' motion for a summary judgment was granted and Rothwell has appealed.

Rothwell contended that he had an agreement with the Co-op that he would have a job as long as he satisfactorily performed his work and satisfactorily took care of the electrical service of the members of the Co-op. He worked for the Co-op for more than twenty years, working under several managers, including appellee Hull, who became manager in 1964. Rothwell was discharged on June 23, 1966. The Co-op informed him in writing as follows:

"The termination of your employment by Lone Wolf was brought about by reason of your incompetent and inefficient performance of your duties as line superin-

tendent and by reason of your attitude which had an adverse effect upon the organization."

Appellant contends the reasons given for discharging him were false and that Hull fired him for personal reasons.

■ The late filing of the appellees' amended answer is immaterial because their motion for summary judgment asserts the defenses relied upon. Sims v. Auringer, Tex.Civ.App., 301 S.W.2d 286, (writ ref. n. r. e.)

■ Appellant says material issues of fact exist on the question of whether he had a contract of employment with the Co-op to continue so long as his services were satisfactory and whether the Co-op was in good faith dissatisfied with his services. We can not agree with these contentions because subdivision (c) of Section 23 of Article 1528b of the Revised Civil Statutes of Texas, the Electric Cooperative Act, provides as follows:

"Any officer, agent, or employee elected or appointed by the Board, may be removed by it whenever in its judgment the best interests of the corporation will be served."

■ Appellant's point number 7 is as follows:

"If Article 1528b, Section 23(c), R.C.S. of the State of Texas was intended to prohibit R.E.A. Corporations organized under such statute from entering into employment contracts except those terminating at the pleasure of the corporation or if it did enter into employment contracts for a definite length of time, such corporations could discharge such employees without cause and without liability for the breach of such contract, such would not apply to appellee corporation, for the reason that Section 23(c) of such Act was and is unconstitutional because such subdivision (Article) was not included in the caption of the Act."

The Supreme Court in Smith v. Davis, 426 S.W.2d 827, (1968) said:

"In passing upon the constitutionality of a statute, we begin with a presumption of validity."

In Yeary v. Bond, 384 S.W.2d 376, (Tex.Civ.App.1964, writ ref. n. r. e.), the Court said:

"Our courts have uniformly held that Section 35 of Art. 3 of the Texas Constitution should be given a liberal and not a strict construction. Lee v. State of Texas, 163 Tex. 89, 352 S.W.2d 724; Consolidated Underwriters v. Kirby Lumber Co., (Tex.Comm.App.), 267 S.W. 703. The purposes of the constitutional provisions relating to captions are to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented. It is not necessary to set out the full details of the bill. It is sufficient if the provisions of the statute relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title."

We are of the opinion that the caption fairly discloses the contents of the bill and that Section 23(c) is constitutional.

■ Appellant contends that if public policy against employment contracts for more than one year applies to the Co-ops, it was changed by Article 2.43 of the Business Corporation Act which is as follows:

"Any officer or agent or member of the executive committee elected or appointed by the board of directors may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights."

The Charter of Lone Wolf Electric Cooperative, Inc., was filed in the office of the Secretary of State on August 2, 1939. The Articles of Incorporation show that the

principal office of the corporation is in Colorado City, Texas, and the name and address of its agent upon whom process may be served is J. Dell Barber, Colorado City, Texas.

We are of the opinion that the Business Corporation Act and the amendments thereto are inapplicable to the Electric Cooperative Corporation Act, in so far as the question here involved is concerned, because the Business Corporation Act and its amendments expressly declare that it does not apply to Co-ops and then proclaims:

"provided, however, that if any of said excepted domestic corporations were heretofore or are hereafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act * * * then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes." As amended Acts 1959, 56th Leg. p. 224, Ch. 132, Section 1.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.