**Leslie Ray DARTER, Appellant,**

v.

**AUTO SALVAGE SYSTEMS, INC., Appellee.**

**No. 5035.**

Court of Civil Appeals of Texas, Waco.

July 29, 1971.

Joe Putnam, Irving, for appellant.

Whittington & Sturman, John H. Whittington, Jr., Irving, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Darter from summary judgment that he take nothing in a suit for damages to his automobile resulting from negligence of appellee Auto Salvage, in towing the vehicle.

Appellant sued appellee alleging an officer of the City of Irving directed that his automobile be moved from a street in the city to the city automobile pound which is operated by appellee; that appellee towed the vehicle to the pound without disengaging the transmission from first gear; that such was negligence, and resulted in damages to appellant.

Appellee answered that appellant executed an instrument at the Irving Police Department denominated "Authorization to Release Vehicle", in which appellant as

owner of the vehicle "did agree to hold harmless and release the City of Irving, its agents, servants or contractor from all claims of property damage to the above described vehicle that may have directly or indirectly been caused by the pickup, towing and impoundment of the vehicle."

Thereafter appellee moved for summary judgment asserting there was no genuine issue of material fact, and attached affidavit appellant had released appellee (as contractor of the City of Irving), and a copy of the release.

Appellant filed Opposition to the Motion for Summary Judgment and supporting affidavit, which asserted appellant signed the "Authorization to Release Motor Vehicle" for the sole purpose of getting his vehicle out of the city automobile pound; that it was given without any consideration; that it would not have been possible to obtain "my automobile from said automobile pound without execution of said document, and there was no alternative but to execute said instrument in order to obtain the release of the automobile; and at the time the instrument was signed appellant did not know of the damage to the automobile and would not have been permitted to inspect said vehicle."

The trial court granted appellee's Motion for Summary Judgment and decreed appellant take nothing.

Appellant appeals contending the trial court erred in granting summary judgment for appellee because the record raises fact issues as to whether the "Authorization to Release Vehicle" was executed by appellant for a valuable consideration; and whether such instrument was executed by appellant under duress.

Appellee asserts the summary judgment proper as appellant's pleadings failed to affirmatively set forth the defenses of lack of consideration and duress, as avoidance of the defense of release previously pled by appellee.

We sustain appellant's contentions and reverse. While appellant did not by amended or supplemental pleadings, assert want of consideration and duress in avoidance of the defense of release previously pled by appellee, appellant did assert such matters in his "Opposition to Motion for Summary Judgment" and in his affidavit in support of same.

For the purpose of the summary judgment hearing, the appellant's allegations of want of consideration and duress, in his Opposition to Motion for Summary Judgment and affidavit, constitute a sufficient compliance with Rule 94, Texas Rule of Civil Procedure. Sims v. Auringer, Tex. Civ.App., NRE, 301 S.W.2d 286; Rothwell v. Lone Wolf Elec. Coop., Tex.Civ.App., NRE, 444 S.W.2d 197; Stafford v. Smith, Tex.Civ.App., NWH, 458 S.W.2d 217; Fant v. Howell, Tex.Civ.App., NWH, 410 S.W. 2d 294.

Reversed and remanded.