**L. W. WALLACE et al., Appellants,**

v.

**RANGER HOSPITAL DISTRICT,**
**Appellee.**

No. 4499.

Court of Civil Appeals of Texas,
Eastland.

Dec. 10, 1971.

Rehearing Denied Dec. 31, 1971.

Jennings, Montgomery & Dies (Elton Montgomery), Graham, for appellants.

C. O. McMillan, Stephenville, Emory Walton, Dist. Atty., Eastland, for appellee.

PER CURIAM.

The following statement of the case which appellee agrees to is copied from appellants' brief:

"This proceeding was initiated by an in rem action filed on behalf of the Ranger Hospital District for the purpose of obtaining a declaratory judgment as to the validity of the election creating said District, the authority of such purported District to levy a tax and issue bonds, and the legality of all procedures taken and proposed to be taken in connection with the creation of such District, the levying of the tax and issuance of bond. Such case was docketed No. 25,435 in the District Court of Eastland County, Texas. Within several days thereafter, the appellants, as plaintiffs, filed Cause No. 25,437 in the District Court of Eastland County, Texas, seeking affirmative relief specifically contrary to that sought in the in rem proceeding. Inasmuch as there were common issues of law and fact, the two cases were consolidated for trial under the docket No. assigned to the in rem proceeding. During the trial before a jury, the trial court withdrew the case from the jury and rendered judgment in favor of the Hospital District."

Appellants contend the court erred in refusing to grant them a judgment because House Bill 495 is unconstitutional in that the Legislature did not comply with Sec. 9, Article 9 of the State Constitution. They also contend there exists a fact issue concerning compliance with the notice provision prescribed by the Constitution. The authority for creating a hospital district is found in Sec. 9, Article 9 of the State Constitution, Vernon's Ann.St. which is as follows:

"Sec. 9. The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes;

\* \* \* \* \* \*

Provided, however, that no district shall be created except by act of the Legislature and then only after thirty (30) days' public notice to the district affected, and in no event may the Legislature provide for a district to be created without the affirmative vote of a majority of the taxpaying voters in the district concerned."

Sections 1, 2 and 24 of House Bill 495 of the 61st Legislature are as follows:

"Section 1. By authority of Article IX, Section 9, Texas Constitution, this Act authorizes the creation of Ranger Hospital District of Eastland County, Texas.

Sec. 2. The boundaries of this district are coterminous with the boundaries of that part of the Ranger Independent School District located in Eastland County as those boundaries are fixed on the effective date of this Act, using the existing Eastland County Boundary as a boundary for the hospital district insofar as it connects the boundaries of the Ranger Independent School District.

Sec. 24. Proof of publication of the notice required in the enactment hereof under the provisions of Article IX, Section 9, of the Texas Constitution has been made in the manner and form provided by law pertaining to the enactment of local and special laws, and such notice is hereby found and declared proper and sufficient to satisfy such requirement."

■ Appellants contend that the "thirty days public notice to the district affected" provided for in the constitution requires a geographical description by metes and bounds or in some similar fashion fulfilling the same requirements as imposed by the Statute of Frauds or a description that is self-evident by reference to then existing conditions as officially designated public roads or boundaries or other named political subdivisions. We are bound by the legislative finding in Section 24, of House Bill 495. Moore v. Edna Hospital District, 449 S.W.2d 508 (Tex.Civ.App.1969, writ. ref. N.R.E.) holds contrary to the appellants' contentions and is authority for overruling appellants' first two points.

■ In order to authorize the creation of a hospital district, appellants contend that the Constitution requires that a majority of the qualified taxpaying registered voters residing in the district would be required. We construe this provision to mean the "affirmative vote of a majority of the qualified taxpaying electors voting in the election". Yeary v. Bond, 384 S.W. 2d 376 (Tex.Civ.App.1964, writ ref. N.R. E.).

■ By their last point appellants say that the creation of the Ranger Hospital District violates the word and the spirit of the due process clause of the Texas Constitution which is as follows:

"Article 1,

Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

Appellants say "a law is unconstitutional as violating due process when it is arbitrary or unreasonable, and the latter occurs when the social necessity the law is to serve is not a sufficient justification for the resulting harshness."

We have considered the cases cited under this point and cannot see how they would be controlling under the facts of this case.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.