**C. HAYMAN CONSTRUCTION COMPANY et al., Appellants,**

**v.**

**AMERICAN INDEMNITY COMPANY, a Texas Corporation, et al., Appellees.**

No. B–2747.

Supreme Court of Texas.

Oct. 6, 1971.

Green, Gilmore, Crutcher & Rothpletz, John Plath Green, and Harry Crutcher, Dallas, for appellants.

Kilgore & Kilgore, James A. Gilgore, Dallas, for appellees.

DENTON, Justice.

This case is before us on certified questions from the Court of Civil Appeals for the Fifth District.

The basic question is whether the provisions of Art. 7.01, Tex.Ins.Code Ann., V. A.T.S., concerning venue of suits against private contractors, are unconstitutional because not germane to the subject expressed in the legislative title.

The material facts set out in the certificate of the court of civil appeals are as follows:

"Plaintiffs C. Hayman Construction Company and London Construction Company are residents of Dallas County, where the suit was filed. All defendants are residents of other Texas Counties. The petition alleges that plaintiffs were subcontractors on a construction job in Grayson County with defendant Investments of Sher-Den, Inc. as prime contractor, and that they had similar subcontracts with defendant Pala, Inc. for a job in Lamar County and with defendant Rowton Construction Company for a third job in Hunt County. Plaintiffs allege failure of the prime contractors to make payments as required by the subcontracts, and seek judgment against the prime contractors and against American Indemnity Company, the surety on the three payment bonds. Damages are also claimed against the prime contractors for loss of profits resulting from breach of contract.

"In their pleas of privilege as amended, defendants allege that the payment bonds upon which the suit was brought had been filed in the three counties, respectively, where the work was to be done, and that Tex.Ins.Code Ann., Art. 7.01 (1963) provides mandatory venue in the county where the bonds were filed. Plaintiffs allege in their controverting plea that venue of the suit against American Indemnity Company lies in Dallas County under Vernon's Ann. Tex.Rev.Civ.Stat., Art. 1995, subdivision 23, because plaintiffs were residents of

Dallas County and defendants had an agency or representative there when the cause of action arose, and that the other corporate defendants, as principals on the payment bonds, were necessary parties to the action against the surety under Tex.Rev. Civ.Stat.Ann., Art. 1995, subdivision 29a, and that Tex.Ins.Code Ann., Art. 7.01 was not applicable or controlling.

"After hearing evidence, the trial court held that the venue provisions of Article 7.01 were applicable and mandatory, sustained the amended pleas of privilege, severed the litigation into three suits, and transferred such suits to the counties in which the payment bonds were filed. From this order, plaintiffs perfected their appeal to this court, contending in their brief that the trial court erred in applying Article 7.01 to this suit because those provisions of the act applying to private contractors were subjects not included in the title of the act. Alternatively plaintiffs contend that the venue provisions of Article 7.01 are permissive rather than mandatory.

"This court reversed the order of the trial court and rendered judgment overruling the pleas of privilege of the corporate defendants on the grounds that Article 7.01 is unconstitutional for the reasons urged by plaintiffs, and consequently the court did not reach the question of whether such venue provisions are permissive rather than mandatory."

Upon the motion of the defendants pursuant to Rule 461 et seq. Texas Rules of Civil Procedure, the following questions were certified to us:

(1) Did the trial court err in holding that it was required by Tex.Ins.Code Ann., Art. 7.01 to sustain the amended pleas of privilege and transfer this cause to the counties in which the payment bonds were filed?

(2) Is the title to Chapter 39, Acts of 56th Legislature, 2d Called Session (1959), p. 159, sufficient under Tex.Const., Art.

III, § 35, Vernon's Ann.Stat., to support the validity of those provisions of the act (Tex.Ins.Code Ann., Art. 7.01) which purport to fix venue of suits on bonds of private contractors in the counties in which such bonds are filed?

(3) If the answer to Question No. 2 is "yes," are the venue provisions of Article 7.01 mandatory and exclusive?

Article III, § 35 of the Texas Constitution provides that,

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Article 7.01 of the Insurance Code was enacted under the following title:

"An Act to amend the Insurance Code to include a new Chapter 7 so as to provide that all public officers of this State and all Executors, Administrators, Guardians, Receivers, and Trustees appointed by any court, whose bonds have been executed by a corporate surety, shall be subject to suit in the proper court of the county wherein said bond is filed; and declaring an emergency." Tex.Laws, 2d Spec.Sess.1959, Ch. 39, at 159.

The material provisions of the act are as follows:

"If any suit shall be instituted upon any bond or obligation of any insurance company licensed in this State and having authority to act as surety and guarantor of the fidelity of employees, trustees, executors, administrators, guardians or others appointed to, or assuming the performance of any trust, public or private, under appointment of any court or tribunal, *or under contract between private individuals or corporations,* or upon any bond or bonds that may be required to be filed in any judicial proceedings, *or to guarantee any contract or undertaking between individuals, or between private corporations,* or between individuals or private corporations and the State and municipal corporations or counties or between corporations and individuals, or on any bond or bonds that may be required of any state official, district official, county official or official of any school district or of any municipality, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. * * *" [Emphasis ours.]

■ It has been uniformly held the purpose of Sec. 35, Art. III, of the Texas Constitution is to give notice through the title of the bill to both the Legislature and the people of the subject matter of the proposed law; and thereby to prevent the passage of a law upon one subject under the guise of a title which expresses another. Adams v. San Angelo Waterworks Co., 86 Tex. 485, 25 S.W. 605 (1894); Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Harris County Fresh Water Supply District No. 55 v. Carr, 372 S.W.2d 523 (Tex.Sup.1963); Fletcher v. State, 439 S.W.2d 656 (Tex.Sup.1969).

■ It is also well settled that the caption of an act should be liberally construed so as to uphold its validity if at all possible. Gulf Ins. Co. v. James (supra); Lee v. State 163 Tex. 89, 352 S.W.2d 724 (1962). It has also been held that, "none of the provisions of a statute should be regarded as unconstitutional where they relate, directly or indirectly, to the same subject, have mutual connection, and are not foreign to the subject expressed in the title." Stone v. Brown, 54 Tex. 330.

Our courts have upheld the validity of statutes which state in general terms a subject within the body of the act which is germane to the general subject stated in the title of the act. Doeppenschmidt v. I. & G. N. R. Co., 100 Tex. 532, 101 S.W. 1080 (1907); Consolidated Underwriters v. Kirby Lumber Co., Tex.Com.App., 267 S. W. 703 (opinion adopted 1943); Central

Education Agency v. Ind. School Dist. of El Paso, 152 Tex. 56, 254 S.W.2d 357 (1953).

On the other hand our courts have held unconstitutional statutes in which the title states the subject in specific terms. In such cases the courts have restricted the legislature to state in the body of the statute only those matters named in the title, and have nullified a subject included in the body but not germane to the specific matter in the title. Adams v. San Angelo Waterworks Co. (supra); Gulf Ins. Co. v. James (supra); Fletcher v. State (supra).

The parties here generally agree as to applicable principles of law, but they do present divergent views as to their application to the factual situation in this case.

■ The title in question specifies certain classes of persons who are subject to suits in the proper court in the counties where their corporate bonds are filed. These include: "all public officers of this State and all Executors, Administrators, Guardians, Receivers, and Trustees appointed by any court whose bonds have been executed by a corporate surety." The title does not mention suits on bonds as surety "under contract between private individuals or contractors" or "to guarantee any contract or undertaking between individuals, or between private corporations." The language of the title is not sufficiently broad to include suits on private bonds, nor does it contain language broad enough to include suits on private bonds by implication. The title would not give fair notice to a legislator or any other person interested in the subject matter of the bill that the proposed act would provide for venue of an action against private contractors. Private contractors are an entirely different class of parties than those specifically named in the title. We therefore hold that the language in the title of the act is not sufficient to include suits on bonds of private contractors.

■ We therefore answer the second question in the negative. It follows we an-swer question number one in the affirmative; that is, that the trial court erred in holding that it was required by Article 7.01 of the Insurance Code to sustain the amended plea of privilege and transfer this cause to the counties in which the bonds were filed. As the third question is conditioned upon an affirmative answer to the second question, we do not answer it.