

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 21, 1974

The Honorable Roy W. Mouer
Securities Commissioner
State Securities Board
704 State Finance Building
Austin, Texas

Opinion No. H- 376

Re: Whether person making
secondary sale of savings
association stock is required
to be registered as dealer
under Securities Act and
related questions.

Dear Mr. Mouer:

You have requested our opinion on the following questions regarding permanent reserve fund stock issued by savings association:

> 1. Is a person or company making secondary sales (i.e., sales other than by the issuer) of savings association [permanent reserve fund] stock required to be registered as a dealer or salesman under The Securities Act, (Article 591-1, et seq., V. T. C. S.), if not otherwise exempted from registration by Section 5 of The Securities Act?
>
> 2. Are sales of savings association [permanent reserve fund] subject to the anti-fraud provisions (Sections 23.A, 29.C, 32 and 33.A) of the Securities Act?

Section 11.01 of Article 852a, the Savings and Loan Association Act, reads:

> Savings associations, the officers, employees
> or agents, savings accounts and the permanent
> reserve stock thereof, and the sale issuance or
> offering of savings accounts <u>and permanent reserve</u>
> <u>fund stock</u> of any association or Federal savings and
> loan association are hereby exempted from all pro-
> visions of law of this State, other than this Act,
> which provide for supervision, registration or regula-
> tion in connection with the sale, issuance or offering
> of securities, and the sale, issuance or offering of any
> such accounts or stock shall be legal without any action
> or approval whatsoever on the part of any official,
> other than the Commissioner, authorized to license,
> regulate, or supervise the sale, issuance or offering
> of securities. (Emphasis added)

Your questions are prompted by an apparent conflict between this provision of the Savings and Loan Act (Acts 1963, 58 Leg., ch. 113, p. 269) and its caption.

The Texas Constitution, Art. 3, Section 5, requires that the title or caption of a bill give notice of its contents. This provision insures that the Legislature and the public will not be misled and inadvertently allow the passage of unintended legislation.

The caption to the Savings and Loan Act reads in part:

> . . . exempting savings accounts from securities
> laws; . . . providing that outstanding shares, stock,
> share accounts and investment certificates (<u>except</u>
> <u>Permanent Reserve Fund Stock</u>) shall be considered
> as savings accounts; . . . (emphasis added).

Notwithstanding the emphasized language, Section 11.01 also purports to exempt reserve fund stock from the securities laws of the state. In our opinion, the caption and a portion of Section 11.01 are in irreconcilable conflict.

Only that part of the act in direct conflict with the title is void unless the "invalid parts are inextricably interwoven in the texture of the Act so as to render the entire Act invalid. " Fletcher v. State, 439 S. W. 2d 656, 659 (Tex. 1969); Hayman Construction Co. v. American Indemnity Co., 471 S. W. 2d 564 (Tex. 1971); State v. Blackwell, 500 S. W. 2d 97 (Tex. Crim. 1973). The inclusion or exclusion of permanent reserve fund stock in the exemption provision does not affect the rest of the Act.

If having struck the unconstitutional part, the result is broader legislation than originally enacted, the whole act must fail. Texas-Louisiana Power Co. v. City of Farmersville, 67 S. W. 2d 235 (Tex. Comm. App. 1933). In the present case the removal of permanent reserve fund stock from the exemption of Section 11.01 results in narrower legislation. The Act contains a severance clause. We think the courts would view the caption defect as voiding only that which is in conflict with the caption, but as not affecting the rest of the Act.

The Securities Act, Article 581-1, et seq., V. T. C. S., applies to all transactions involving permanent reserve fund stock. Persons making secondary sales of savings association permanent reserve fund stock may be required to register thereunder, and the anti-fraud provisions of that Act may be applied to such sales unless specifically exempted by Sections 5 and 6 of the Securities Act.

## SUMMARY

Section 11.01 of the Savings and Loan Act, Article 852a, does not exempt savings and loan permanent reserve fund stock from otherwise applicable provisions of the Securities Act. Article 581-1, et seq., V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg