

# The Attorney General of Texas

May 27, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Von Dohlen
Committee on Regions, Compacts &
    Districts
House of Representatives
Austin, Texas   78769

Opinion No. MW-341

Re: Ineligibility of campaign con-
tributors for appointment to Good
Neighbor Commission

Dear Representative Von Dohlen:

As amended in 1979, section 1 of article 4101-2, V.T.C.S., reads in part:

> There is hereby created the Good Neighbor Commis-
> sion of Texas which shall be composed of nine (9)
> members, each of whom shall be a citizen of the
> United States and a resident of the State of Texas,
> and shall be appointed by the Governor with advice
> and consent of the Senate. . . . No person shall be
> eligible to appointment to the Commission who has
> contributed more than $1,000 on behalf of the
> political candidacy of the Governor who makes the
> appointments under this Act, or to any political
> action committee supporting such candidacy.
> (Emphasis added).

You have asked about the constitutionality of the provision emphasized.

That language was added by Acts 1979, 66th Legislature, R.S., chapter 741 at 1825, the title of which act describes it as "An Act relating to the expiration, staff, functions, and revenue of the Good Neighbor Commission of Texas." The title makes no mention of the composition of the commission or of eligibility requirements for members.

The Texas Constitution, article 3, section 35, provides:

> No bill, (except general appropriations bills. . .) shall
> contain more than one subject, which shall be
> expressed in its title. But if any subject shall be
> embraced in an act, which shall not be expressed in
> the title, such act shall be void only as to so much
> thereof, as shall not be so expressed. (Emphasis
> added).

The bill amending article 4104-2, V.T.C.S., was not a general appropriation bill, although it earmarked certain funds for particular uses.  See Johnson v. Ferguson, 55 S.W. 2d 153 (Tex. Civ. App. - Austin 1932, writ dism'd).  Cf. Attorney General Opinion H-1050 (1977).  Generally, the constitutional provision — that an act is void with respect to any subject embraced therein that is not expressed in the title — is entitled to a liberal construction; however, a stricter standard is enforced when the matter addressed is an amendatory act.  Bates v. State, 587 S.W. 2d 121 (Tex. Crim. App. 1979); White v. State, 440 S.W. 2d 660 (Tex. Crim. App. 1969).

Even with original acts, the rule of liberal construction will not be followed to the extent that it will relieve the legislature of the necessity of disclosing the real subject of the act in the title, nor will it be extended to hold valid an act the title of which is deceptive or misleading as to the real content of the act.  Fletcher v. State, 439 S.W. 2d 656 (Tex. 1969).  Moreover, Texas courts will restrict even an original statute if its title states the subject in specific terms.  C. Hayman Construction Co. v. American Indemnity Co., 471 S.W. 2d 564 (Tex. 1971).

With respect to amendatory acts, a title that does not merely state a purpose to amend a statute, but proceeds to specify the particular field an amendment is to cover or states a purpose to make certain changes in the prior law not merely descriptive of the matter to which the law relates, limits the amendatory act to the making of the changes designated and precludes any additional, contrary or different amendment.  Arnold v. Leonard, 273 S.W. 799 (Tex. 1925); White v. State, 440 S.W. 2d 660 (Tex. Crim. App. 1969).

Here, the language of the title limits the amendment to matters pertaining directly or indirectly to "the expiration, staff, functions and revenue" of the commission.  Nothing in the title would give fair notice to a legislator or any other person interested in the subject matter of the bill that the proposed act would limit membership on the commission to those persons who had not contributed money of a certain amount to the political campaign of the appointing governor.  See C. Hayman Construction Co. v. American Indemnity Co., supra.  Cf. State v. The Praetorians, 186 S.W. 2d 973 (Tex. 1945).  Consequently, the 1979 legislation violates article 3, section 35 of the Texas Constitution in that respect, and the emphasized language is void and of no effect, in our opinion.

Other objections to this provision have also been raised, but in view of our disposition of the matter, we need not reach them.  Nor, in the context of your question, need we address other provisions of the statute beyond noting that the language about which you asked is severable from the remainder of the act.  V.T.C.S. art. 11a.

## S U M M A R Y

The statutory provision is void which limits membership on the Good Neighbor Commission to persons not contributing to the political campaign of the appointing governor.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood