Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Fees to be collected by county clerk for filing foreign judgment pursuant to article 2328b-5, V.T.C.S.
Dear Mr. Driscoll:
You have asked if the county clerk of Harris County is constitutionally authorized to collect the filing fee set forth in article 2328b-5, V.T.C.S.
Article 2328b-5 is the Uniform Enforcement of Foreign Judgments Act, enacted by the legislature in 1981. Generally, it provides that a copy of any properly authenticated foreign judgment may be filed in the office of the clerk of any court of competent jurisdiction. The statute directs the clerk to `treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.' V.T.C.S. art. 2328b-5, § 2.
Section 5 of the act states:
 A person filing a foreign judgment shall pay $10 to the clerk of the court. Fees for other enforcement proceedings shall be as otherwise provided by law for judgments of the courts of this state.
You question the constitutionality of the statute because the title of the measure enacting it did not refer to a fee nor to the duty of the clerk to collect one. Article III, section 35 of the Texas Constitution provides in part:
 Sec. 35. No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.
You suggest that since the subject of fees was not expressed in the title, article 2328b-5, V.T.C.S., is void as to the provision regarding fees.
In our opinion, the title of the bill in question is sufficient. It reads, `An Act relating to the uniform enforcement of foreign judgments.' Acts 1981, 67th Leg., R.S., ch. 195, at 464. The filing of a foreign judgment is the first step necessary for enforcement of the judgment in this state. Indeed, after setting out the fee for filing a foreign judgment, the statute continues, `Fees for other enforcement proceedings shall be as otherwise provided by law for judgments of courts of this state.' V.T.C.S. art. 2328b-5, § 5. Thus, the fee provision relates to the enforcement of foreign judgments.
At least since the Texas Supreme Court decided the case of C. Hayman Construction Company v. American Indemnity Company,471 S.W.2d 564 (Tex. 1971), it has been the rule in this state that the caption of an act should be liberally construed so as to uphold its validity if at all possible. It is now settled that a statute will not be held to violate the constitutional provision if its own provisions relate directly or indirectly to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. Robinson v. Hill,507 S.W.2d 521, 525 (Tex. 1974); City of Brownsville v. Public Utility Commission of Texas, 616 S.W.2d 402, 407 (Tex.Civ.App.-Texarkana 1981, writ ref'd n.r.e.). See also Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 601 (Tex. 1975). In our opinion, the fee provision of article 2328b-5 meets the test. Cf. Attorney General Opinion H-1097 (1977) (not necessary that the caption of an amendatory bill apprise the reader of the precise effects of the body of the bill, so long as the general subject of the amending bill is disclosed).
You also ask, `What is the correct fee to be collected by the county clerk of Harris County, as clerk of the court at the time of filing a `foreign judgment' as stated in article 2328b-5, V.T.C.S.?' The correct fee to be collected at that time for filing the foreign judgment is ten dollars ($10.00).
You further ask if the clerk can thereafter collect several other fees related to litigation and to the enforcement of judgments, and if so, how much.
The statute plainly provides that fees for other enforcement proceedings shall be as otherwise provided by law for judgments of the courts of this state. Article 3930(b), V.T.C.S., specifies in section 1, subsection C, that where no cause is pending, the clerk shall charge $4.00 for issuing (and recording of the return thereon) each instrument or paper on which a return must be recorded. The mere filing of a foreign judgment does not initiate a suit or cause; thus, fees associated with the enforcement of foreign judgments will ordinarily be those `where no cause is pending.' Of course, if a proceeding such as a garnishment action is instituted in connection therewith, then the fees to be charged `for each cause or action or docket' as specified by other provisions of article 3930b should be collected. It might also be noted that section (10) of article 3930, V.T.C.S., requires county clerks to collect reasonable fees for the discharge of duties prescribed, authorized or permitted by the legislature for which no fee is statutorily set. See also Attorney General Opinion H-235 (1974). Cf. Attorney General Opinion MW-452 (1982) (county clerk effecting service of citation by publication must charge same fees as the sheriff or constable is authorized to charge).
Other fees about which you have asked are the sheriff's fee authorized by article 3926a, V.T.C.S., and the law library fee authorized by article 1702h, V.T.C.S. The law library `fee' is one `taxed, collected and paid as other costs' in civil cases. V.T.C.S. art. 1702h, § 4. It is not to be collected where no case or suit has been initiated. Article 3926a, V.T.C.S., allows the commissioners court of each county to set reasonable fees to be charged for services by the officers of sheriffs and constables. If fees have been properly established for the services of sheriffs in connection with the enforcement of judgments of the courts of this state, such fees may also be collected for services of sheriffs in connection with the enforcement of foreign judgments.
 SUMMARY
The fee to be collected by a county clerk for filing a foreign judgment is $10. The title of the act establishing the fee is constitutionally sufficient for that purpose. Fees for other enforcement proceedings respecting foreign judgments are the same as those provided by law for the enforcement of judgments of the courts of this state.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tim Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General