

# The Attorney General of Texas

March 14, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-11

Re:  Fees to be collected
county   clerk   for   fil
foreign  judgment  pursuant
article 2328b-5, V.T.C.S.

Dear Mr. Driscoll:

You  have  asked  if  the  county  clerk  of  Harris  County
constitutionally authorized to collect the filing fee set forth
article 2328b-5, V.T.C.S.

Article 2328b-5 is the Uniform Enforcement of Foreign Judgme
Act, enacted by the legislature in 1981.  Generally, it provides t
a copy of any properly authenticated foreign judgment may be filed
the office of the clerk of any court of competent jurisdiction.
statute directs the clerk to "treat the foreign judgment in the s
manner as a judgment of the court in which the foreign judgment
filed."  V.T.C.S. art. 2328b-5, §2.

Section 5 of the act states:

> A person filing a foreign judgment shall pay $10
> to  the  clerk  of  the  court.   Fees  for  other
> enforcement  proceedings  shall  be  as  otherwise
> provided  by  law  for  judgments  of  the  courts  of
> this state.

You  question  the  constitutionality  of  the  statute  because
title of  the measure enacting it did  not refer to a fee nor to
duty of the clerk to collect one.  Article III, section 35 of
Texas Constitution provides in part:

> Sec. 35.  No bill . . . shall contain more than
> one  subject,  which  shall  be  expressed  in  its
> title.  But if any subject shall be embraced in an
> act,  which  shall  not  be  expressed  in  the  title,
> such act shall be void only as to so much thereof,
> as shall not be so expressed.

You suggest that since the subject of fees was not expressed in the title, article 2328b-5, V.T.C.S., is void as to the provision regarding fees.

In our opinion, the title of the bill in question is sufficient. It reads, "An Act relating to the uniform enforcement of foreign judgments." Acts 1981, 67th Leg., R.S., ch. 195, at 464. The filing of a foreign judgment is the first step necessary for enforcement of the judgment in this state. Indeed, after setting out the fee for filing a foreign judgment, the statute continues, "Fees for other enforcement proceedings shall be as otherwise provided by law for judgments of courts of this state." V.T.C.S. art. 2328b-5, §5. Thus, the fee provision relates to the enforcement of foreign judgments.

At least since the Texas Supreme Court decided the case of C. Hayman Construction Company v. American Indemnity Company, 471 S.W.2d 564 (Tex. 1971), it has been the rule in this state that the caption of an act should be liberally construed so as to uphold its validity if at all possible. It is now settled that a statute will not be held to violate the constitutional provision if its own provisions relate directly or indirectly to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. Robinson v. Hill, 507 S.W.2d 521, 525 (Tex. 1974); City of Brownsville v. Public Utility Commission of Texas, 616 S.W.2d 402, 407 (Tex. Civ. App. - Texarkana 1981, writ ref'd n.r.e.). See also Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 601 (Tex. 1975). In our opinion, the fee provision of article 2328b-5 meets the test. Cf. Attorney General Opinion H-1097 (1977) (not necessary that the caption of an amendatory bill apprise the reader of the precise effects of the body of the bill, so long as the general subject of the amending bill is disclosed).

You also ask, "What is the correct fee to be collected by the county clerk of Harris County, as clerk of the court at the time of filing a 'foreign judgment' as stated in article 2328b-5, V.T.C.S.?" The correct fee to be collected at that time for filing the foreign judgment is ten dollars ($10.00).

You further ask if the clerk can thereafter collect several other fees related to litigation and to the enforcement of judgments, and if so, how much.

The statute plainly provides that fees for other enforcement proceedings shall be as otherwise provided by law for judgments of the courts of this state. Article 3930(b), V.T.C.S., specifies in section 1, subsection C, that where no cause is pending, the clerk shall charge $4.00 for issuing (and recording of the return thereon) each instrument or paper on which a return must be recorded. The mere filing of a foreign judgment does not initiate a suit or cause; thus,

fees associated with the enforcement of foreign judgments will ordinarily be those "where no cause is pending." Of course, if a proceeding such as a garnishment action is instituted in connection therewith, then the fees to be charged "for each cause or action or docket" as specified by other provisions of article 3930b should be collected. It might also be noted that section (10) of article 3930, V.T.C.S., requires county clerks to collect reasonable fees for the discharge of duties prescribed, authorized or permitted by the legislature for which no fee is statutorily set. See also Attorney General Opinion H-235 (1974). Cf. Attorney General Opinion MW-452 (1982) (county clerk effecting service of citation by publication must charge same fees as the sheriff or constable is authorized to charge).

Other fees about which you have asked are the sheriff's fee authorized by article 3926a, V.T.C.S., and the law library fee authorized by article 1702h, V.T.C.S. The law library "fee" is one "taxed, collected and paid as other costs" in civil cases. V.T.C.S. art. 1702h, §4. It is not to be collected where no case or suit has been initiated. Article 3926a, V.T.C.S., allows the commissioners court of each county to set reasonable fees to be charged for services by the offices of sheriffs and constables. If fees have been properly established for the services of sheriffs in connection with the enforcement of judgments of the courts of this state, such fees may also be collected for services of sheriffs in connection with the enforcement of foreign judgments.

### S U M M A R Y

The fee to be collected by a county clerk for filing a foreign judgment is $10. The title of the act establishing the fee is constitutionally sufficient for that purpose. Fees for other enforcement proceedings respecting foreign judgments are the same as those provided by law for the enforcement of judgments of the courts of this state.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
George Gray
Jim Moellinger
Bruce Youngblood