**Leroy BABCOCK, et al., Appellants,**

**v.**

**The STATE of Texas, et al., Appellees.**

**No. 14047.**

Court of Appeals of Texas, Austin.

March 28, 1984.

Rehearing Denied March 28, 1984.

Jodi Lehman, John L. Foster, Minton, Burton, Foster & Collins, Austin, for appellant.

Jim Mattox, Atty. Gen., Phyllis B. Schunck, Asst. Atty. Gen., Austin, Gary Pinnell, San Antonio, for Elite Mobile Home Transit, Ltd.

Before SHANNON, POWERS and BRADY, JJ.

POWERS, Justice.

We withdraw our previous opinion and substitute the following.

The trial-court judgment, in a suit brought by appellees, the State of Texas and Elite Mobile Home Transit, Inc., convicts appellants of violations of Tex.Rev. Civ.Stat.Ann. art. 911b (1964 & Supp.1982) (the "Motor Carrier Act") and imposes upon them fines and injunctive relief as authorized by § 16 of that statute.[1] We will reverse the judgment and render judgment that appellees take nothing by their suit.

## THE CONTROVERSY

Appellees alleged in their suit that appellants had by various acts effectuated the transportation of property (mobile homes) upon public highways and between incorporated areas of the State without official authority in the form of a permit or a certificate of convenience and necessity issued by the Texas Railroad Commission in its administration of the Motor Carrier Act.[2] The parties stipulated in the trial court as follows: (1) appellants were instal-

---

1. The State originally sued six defendants: Leroy Babcock, Elite Mobile Home Transit, Ltd., DAB & Associates, Inc., A–1, Inc., Country Sales Corporation, and Sparton Homes, Inc. DAB & Associates, Inc. failed to appear and answer after due service of citation; Elite Mobile Home Transit, Ltd. was permitted to realign itself as plaintiff in the cause when it established that it had operated under a certificate of convenience and necessity issued by the Texas Railroad Commission. Judgment was taken against the remaining defendants, including a default judgment as to DAB & Associates, Inc. Appellants in this Court are Leroy Babcock, A–1, Inc., Country Sales Corporation, and Sparton Homes, Inc.

2. The State alleged that appellants either transported the mobile homes themselves, on specific dates and in specific locales, or that they procured, aided, and abetted transportation of the structures. Section 2 of the Motor Carrier Act prohibits the transportation of property by any motor-propelled vehicle for compensation or hire except in accordance with the provisions of the act; and § 3 provides that no *common* carrier shall operate as such without a *certificate of convenience and necessity*, and no *contract* carrier shall operate without a *permit* from the Commission to do so. The transport of which the State complained in its petition was, in each instance, conducted without either form of au-

lers of mobile homes registered with and regulated by the Texas Department of Labor and Standards under the provisions of Tex.Rev.Civ.Stat.Ann. art. 5221f (1982) (the "Texas Manufactured Housing Standards Act"); (2) appellants committed the acts attributed to them by appellees' allegations; and, (3) in each instance of motor-carrier transportation complained of by appellees, the mobile home was moved from the place of its retail sale to the site of its installation, pursuant to a contract between the retailer and purchaser which obligated the former to install the mobile home on a site designated by the latter. Accordingly, appellants contended they were legally excused from obtaining a permit or a certificate of convenience and necessity from the Commission, citing the provisions of § 18(f) of the Texas Manufactured Housing Standards Act. The section states as follows:

> Notwithstanding any provisions of any other statute, regulation, or ordinance to the contrary, an installer is not required to secure any permit, certificate, or license or pay any fee for the transportation of manufactured housing to the place where it is to be installed except as required by the [Texas Department of Labor and Standards] or the State Department of Highways and Public Transportation.

Appellees contend the foregoing statute was unconstitutional and could not, therefore, shield appellants from liability for violating the requirements of the Motor Carrier Act relative to permits and certificates of convenience and necessity.

thority issued by the Texas Railroad Commission.

Under the definitions contained in § 3 of the Texas Manufactured Housing Standards Act, "mobile home" is one form of "manufactured housing" and "modular home" is the other.

3. The force and effect of the trial court's final judgment is plainly to declare unconstitutional Tex.Rev.Civ.Stat.Ann. art. 5221f, § 18(f), although the *recited* basis for that declaration is impossible:

> The court ... is further of the opinion that TEX.REV.CIV.STAT.ANN. art. 5221f, § 18(f), is unconstitutional insofar as it violates the provisions of the Texas Motor Carrier Act, TEX.REV.CIV.STAT.ANN. art. 911b.

## CONSTRUCTION OF THE TRIAL–COURT JUDGMENT

■ Following a bench trial, the court below rendered judgment as follows:

> The court having heard the evidence and arguments of counsel is of the opinion that [appellants], having violated Tex. Rev.Civ.Stat.Ann. art. 911b, as set forth in the Plaintiff's Original Petition, should be penalized and enjoined, and is further of the opinion that Tex.Rev.Civ.Stat.Ann. art. 5221f, § 18(f), is unconstitutional insofar as it violates the provisions of the Texas Motor Carrier Act, Tex.Rev.Civ. Stat.Ann. art. 911b.

> Therefore, Premises Considered, it is hereby Ordered, Adjudged and Decreed that ... the State of Texas ... do have and recover [fines in specified sums against the several appellants together with interest].

> Based on the ground of this court's determination that Tex.Rev.Civ.Stat.Ann. art. 5221f, § 18(f), is unconstitutional insofar as it conflicts with the provisions of Tex.Rev.Civ.Stat. art. 911b, the following permanent injunctive relief shall be granted: [appellants are enjoined from transporting mobile homes without authority of the Texas Railroad Commission and from "procuring, aiding or abetting" the transportation of mobile homes without such authority].

We construe the judgment as declaring unconstitutional § 18(f) of the Texas Manufactured Housing Standard Act.[3] This declaration presumes, of course, that § 18(f) was an otherwise valid and subsisting stat-

\* \* \* \* \* \*

Based on the ground of this court's determination that TEX.REV.CIV.STAT.ANN. art. 5221f, § 18(f), is unconstitutional insofar as it conflicts with the provisions of TEX.REV.CIV. STAT.ANN. art. 911b, ... injunctive relief shall be granted....

As discussed in the text of this opinion, we treat the trial court's judgment as one which does not recite a constitutional basis for declaring unconstitutional the statute in question. The parties join issue on appeal on the question of whether the act which promulgated article 5221f, § 18(f) contained a title sufficient to comply with the requirements of Tex. Const. Ann. art. III, § 35 (1955).

ute of the State at the time of judgment. Appellees argue on appeal, however, that § 18(f) was *repealed* in consequence of a general-repeal clause contained in a subsequent amendment to the Motor Carrier Act, having reference to 1981 Tex.Gen.Laws, ch. 30, § 3, at 68. Section 3 of the amending act states that § 23 of the Motor Carrier Act is amended to provide that "[a]ll laws and parts of laws in conflict herewith are hereby expressly repealed." Appellees contend that § 18(f) of the Texas Manufactured Housing Standards Act, because it purports to dispense with the necessity of obtaining a permit or a certificate of convenience and necessity in the cases to which it applies, is in conflict with § 3 of the Motor Carrier Act which generally requires such permits or certificates. Therefore, appellees conclude that § 18(f) was repealed by reason of the 1981 amendment to the Motor Carrier Act. However, no party before this Court has appealed from the trial-court judgment by a point of error to the effect that the court below erred in refusing to hold that § 18(f) was *repealed;* and it is obvious that the judgment below rests upon the basis that § 18(f) is *unconstitutional,* which presumes that it was *not* repealed. Accordingly, we overrule appellees' contentions, relative to the repeal

of § 18(f), without deciding the merits thereof.

## CONSTITUTIONALITY OF § 18(f) OF THE TEXAS MANUFACTURED HOUSING STANDARDS ACT

 Being in apparent agreement that § 18(f) has the effect of excusing appellants from any requirement to obtain from the Commission a permit or a certificate of convenience and necessity, the parties join issue upon whether the trial court erred in declaring § 18(f) unconstitutional, thereby nullifying appellants' legal excuse and causing their transportation of the mobile homes to be unlawful under § 3 of the Motor Carrier Act. As illustrated above, the trial-court judgment does not recite the constitutional basis upon which it adjudged § 18(f) unconstitutional, and no conclusions of law were requested of that court. Appellees argue on appeal that § 18(f) is unconstitutional because the legislative act from which it derives embraces the subject of mobile-home transportation, by authorizing the carriage of mobile homes without Commission authority, while omitting to express that subject in the title of the Act, with the result that § 18(f) is void under Tex. Const.Ann. art. III, § 35 (1955).[4] That constitutional provision reads as follows:

---

**4.** Appellants suggest in their brief to this Court that the trial-court holding of unconstitutionality may rest upon a conclusion that § 18(f) promulgates an unreasonable classification and unequal treatment under the 14th Amendment to the Constitution of the United States. There is nothing in the transcript to suggest this theory for the judgment below and, curiously, appellees request that we not consider it as an alternative basis for upholding that judgment. We will not decide the issue for it may not reasonably be said from the present record that the parties joined issued below on that theory. Tex. R.Civ.P.Ann. 67 (1983).

We will observe, however, that several matters not mentioned by the parties on appeal strongly suggest the reasonableness of the Legislature's action in providing that mobile homes may be transported from the retailer's premises to the place of installation without the necessity of authorization from the Texas Railroad Commission.

Section 9 of the Texas Manufactured Housing Standards Act requires that the Texas Department of Labor and Standards, which is charged with administration of the Act, enforce stan-

dards and requirements governing the installation an construction of manufactured housing, the collection of fees, the issuance of certificates, and other regulatory matters. Subsection 9(c) provides:

The department shall adopt rules and regulations, promulgate administrative orders, and take all actions necessary to comply with the provisions of the National Mobile Home Construction and Safety Standards Act of 1974 and to provide for the effective enforcement of all mobile home construction and safety standards *in order to have its state plan approved by the secretary of the United States Department of Housing and Urban Development.* (emphasis added)

It is rather plain that the purpose of § 18(f) is to facilitate federal approval of the State's plan for enforcing standards for manufactured housing, *which power the State would not otherwise have* owing to federal preemption. Under the applicable federal statute and regulations, only one State agency may assume responsibility for administering the State's plan and it is strongly recommended that the plan contain provisions for the "regulation of manufactured home trans-

No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any · subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

 The applicable legal principles are well settled. The purposes of the constitutional requirement are: (1) to prevent "logrolling" or the combination of several unrelated subjects in one bill in order to garner the support of combined interests for enactment of the whole; (2) to prevent surprise or fraud upon legislators by the inclusion of subjects not suggested by the title, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to permit the people of the State to be fairly apprised of the subjects of possible legislation so as to afford them an opportunity to be heard. Statutes attacked on the basis of art. III § 35 of the Constitution are presumed to be valid, the title of an act should be construed liberally so as to uphold its validity if at all possible, and the details of the "subject" need not be explained in the title. *Robinson v. Hill,*

507 S.W.2d 521 (Tex.1974); *C. Hayman Construction Co. v. American Indemnity Company,* 471 S.W.2d 564 (Tex.1971); *State v. Spartan's Industries, Inc.,* 447 S.W.2d 407 (Tex.1969). Finally, a "statute will not be held unconstitutional where its provisions relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title." *Robinson v. Hill, supra* at 524–25.

The title of the act in question reads as follows:

An Act amending and revising the Texas Mobile Home Standards Act, as amended ..., to be known as the Texas Manufactured Housing Standards Act; *providing for regulation of the* construction, sale, *transportation,* and installation *of manufactured housing* and setting forth such regulation; and providing penalties.

1979 Tex.Gen.Laws, ch. 625, at 1405 (emphasis added). One observes immediately that the language "regulation of the ... transportation ... of manufactured housing" gives notice that some particular provisions of the Act pertain to State *regulation* of activities concerned with the transportation of manufactured housing. Thus, the "subject" of § 18(f) *is* expressed in the title and the issue reduces to whether the

---

portation over the road to the extent that such regulation is not preempted by Federal authority." 24 CFR § 3282.303, § (e). *See generally,* 42 U.S.C.A. §§ 5403, 5422 (West 1983); 24 CFR § 3282.302, §§ (a)(1), (a)(8), (b)(7) (1983).

The State may classify natural persons, partnerships, organizations, and corporations according to their businesses and may apply different treatment to those who belong to different classes, merely because they are engaged in different businesses. *Texas Company v. Stephens,* 100 Tex. 628, 103 S.W. 481 (1907); *Hurt v. Cooper,* 130 Tex. 433, 110 S.W.2d 896 (1937); *American Transfer & Storage Co. v. Bullock,* 525 S.W.2d 918 (Tex.Civ.App.1975, writ ref'd). So long as there is a substantial basis for the classification, it is not unreasonable, arbitrary or capricious and the Legislature acts within the limits permitted by the 14th Amendment. The same considerations are applied to statutes which dictate different treatment within a general class, as between two or more sub-classes, which is one view possible to be taken in the present case, motor carriers being the general class. In order for such a statute to be valid, all

persons or things within a particular class, a sub-class, or persons similarly situated, must be affected alike by the statute or the different treatment must be justified upon some reasonable basis. *Taylor v. State,* 513 S.W.2d 549 (Tex.Cr.App.1974); *Fort Worth & Denver City Railway Co. v. Welch,* 183 S.W.2d 730 (Tex.Civ. App.1944, writ ref'd); *Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807 (1959); *Reed v. City of Waco,* 223 S.W.2d 247 (Tex.Civ.App.1949, writ ref'd).

We believe the State's interest in obtaining approval of its plan for enforcing manufactured-home standards, under the particulars of the federal statute and regulations, is arguably a very substantial and reasonable basis for the provisions stated in § 18(f) of the Texas Manufactured Housing Standards Act, for without such provisions, the State's plan presumably would not be approved by the responsible federal officer and the State could not enforce the standards at all; and, the favored class is limited indeed, that is, only transportation from the retailer to the installation site falls within that class.

expression is adequate under art. III, § 35 of the Constitution; that is, we do not here deal with a title where the "subject" dealt with in the body of the act is omitted *entirely* from the title. *Cf. Lee v. State,* 163 Tex. 89, 352 S.W.2d 724 (1962) (holding the title, "[a]n Act concerning State prison lands in Brazoria County," insufficient because it entirely omits reference to a provision which purported to authorize the condemnation of lands belonging to *private* owners, privately owned lands not being "prison lands" at all).

█ In our view, the particular manner of regulation adopted in § 18(f) may not reasonably be said to be foreign, unrelated, different, unconnected, separate, or inappropriate in comparison to the broad expression contained in the title: "regulation of the ... transportation ... of manufactured housing." *Lee v. State, supra* at 725. *How* the State's regulation of such transportation is to be effectuated is merely a matter of detail that need not be expressed in the title. *State v. Spartan's Industries, Inc., supra.* Accordingly, we hold the title of the act to be in compliance with Tex. Const.Ann. art. III § 35.

We therefore reverse the judgment below and render judgment that appellees take nothing by their suit.