

# The Attorney General of Texas

November 7, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

,1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 E. Riverside Drive
Austin, Texas    78704

Opinion No. JM-376

Re:  Whether article 6252-11c, V.T.C.S., applies to psychologists who provide diagnostic and restoration services directly to clients of the Texas Rehabilitation Commission

Dear Mr. Arrell:

You state that the Texas Rehabilitation Commission provides diagnostic and restoration services to clients as required by federal law and regulation. Among the services to be provided are psychological services. The commission has arranged with licensed psychologists to provide such services directly to the client at commission expense. See Texas Rehabilitation Commission, Psychological Evaluations & Counseling 7, Maximum Affordable Payment Schedule, (revised August 1, 1984) (fees for counseling performed directly by licensed psychologist).

You ask the following question about contracting licensed psychologists to provide diagnostic and restoration services for your clients:

> Do the provisions of article 6252-11c, V.T.C.S., 'Use of Private Consultants by State Agencies,' apply to psychological services that are provided directly to clients of the commission for diagnostic and restoration services?

Article 6252-11c, V.T.C.S., governs the selection and use of private consultants by state agencies. V.T.C.S. art. 6252-11c, §3. It requires the agency to publish notice in the Texas Register inviting offers for consulting services; after the agency contracts with a private consultant it must publish information about the contract in the Texas Register. Id. §§4, 6. Reports and other materials developed by the consultant must be filed with the Texas State Library and, if requested, with the Legislative Budget Board and the Governor's Budget and Planning Office. Id. §5.

Article 6252-11c, V.T.C.S., was enacted in 1977 and amended in 1979. Acts 1977, 65th Leg., ch. 454 at 1185; Acts 1979, 66th Leg., ch. 773, art. 98, at 1957. The 1979 amendments were enacted as part of House Bill No. 1673, the State Purchasing and General Services Act. Acts 1979, 66th Leg., ch. 773 at 1908. The caption of House Bill No. 1673 reads as follows:

> An Act relating to creation of the State Purchasing and General Services Commission and abolition of the State Board of Control.

Id. The caption does not mention the amendments to article 6252-11c, V.T.C.S., or the employment of consultants by state agencies. The State Purchasing and General Services Commission has no duties under article 6252-11c, V.T.C.S.; the purchase of consulting services under that statute is expressly excepted from the State Purchasing and General Services Act. V.T.C.S. art. 601b, §3.01(b)(3).

Article III, section 35 of the Texas Constitution provides that

> [n]o bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The purpose of this section is to give notice to the legislature and the people of the subject matter of the proposed law, and thereby to prevent passage of a law upon one subject under guise of a title which expresses another. C. Hayman Construction Company v. American Indemnity Company, 471 S.W.2d 564 (Tex. 1971); Gulf Insurance Company v. James, 185 S.W.2d 966 (Tex. 1945).

The caption of House Bill No. 1673 does not give notice of the provisions amending article 6252-11c, V.T.C.S. See, e.g., C. Hayman Construction Company v. American Indemnity Company, supra; Attorney General Opinion WW-225 (1957). House Bill No. 1673 therefore violates article III, section 35 of the Texas Constitution, and it is void insofar as it attempts to amend article 6252-11c, V.T.C.S. Arnold v. Leonard, 273 S.W. 799 (Tex. 1925).

Legislative history enables us to determine why the caption of House Bill No. 1673 is defective. The bill as introduced had the same caption as the enacted bill. It did not include the amendments to article 6252-11c, V.T.C.S., when introduced or when approved by the

House. A Senate floor amendment included the amendments to article 6252-11c, V.T.C.S., in House Bill No. 1673. Bill File for H.B. No. 1673, 66th Leg. 1979, Legislative Reference Library. The title of House Bill No. 1673 was not rewritten to encompass the additional material. The House adopted the Senate amendments and House Bill No. 1673 carried the same title when finally enacted as when it was introduced. See generally Gulf Insurance Company v. James, 185 S.W.2d 966 (Tex. 1945); Attorney General Opinion WW-225 (1957) (title defects arising when bill was amended during the legislative process).

Since the 1979 amendments to article 6252-11c, V.T.C.S., are void, we look to the unamended version of the statute to answer your questions. See Culberson v. Ashford, 18 S.W.2d 585 (Tex. 1929); In re Johnson, 554 S.W.2d 775 (Tex. Civ. App. - Corpus Christi 1977), writ ref'd n.r.e., per curiam, 569 S.W.2d 88 (Tex. 1978); Attorney General Opinion MW-156 (1980).

Article 6252-11c, V.T.C.S., governs the use of consultants and consulting services by state agencies. As enacted in 1977, the statute included the following definitions:

> Section 1. In this Act:
>
> (1) 'Consulting service' means the practice of studying an existing or a proposed operation or project of an agency and advising the agency with regard to the operation or project.
>
> (2) 'Private consultant' means an entity that performs consulting services.

Acts 1977, 65th Leg., ch. 454 at 1185. Attorney General Opinion H-1173 (1978) considered whether an outside audit of local entities receiving federal grant funds was subject to article 6252-11c, V.T.C.S., and in addressing the question, discussed the scope of the above definitions. After reviewing legislative history, the opinion concluded that the definition of "consulting services" referred to management or program consulting, that is, studies of an agency designed to evaluate its programs and procedures and to recommend more efficient methods of performing its duties. A "private consultant" within article 6252-11c, V.T.C.S., did not include a person retained by the agency to help carry out its usual duties. Attorney General Opinion H-1173. The opinion concluded that the statute did not apply to a private accountant hired by the Department of Community Affairs to audit federal grants made to local entities.

On the basis of Attorney General Opinion H-1173 and the language of article 6252-11c as originally enacted, we conclude it does not apply to the contracts in question. Psychologists under contract with

the Texas Rehabilitation Commission to provide services directly to commission clients are not "management consultants." They do not study

> an existing or a proposed operation or project of an agency and [advise] the agency with regard to the operation or project.

Acts 1977, 65th Leg., ch. 454 at 1185. They instead supply the diagnostic and restoration services which the commission has a legal duty to provide its clients. The Rehabilitation Commission is not subject to article 6252-11c, V.T.C.S., when it contracts with psychologists to provide diagnostic and restoration services to its clients.

## S U M M A R Y

The title of House Bill No. 1673 of the Sixty-sixth Legislature does not give notice of the bill's provisions amending article 6252-11c, V.T.C.S. The title fails to meet the requirements of article III, section 35, of the Texas Constitution and House Bill No. 1673 is void insofar as it attempts to amend article 6252-11c, V.T.C.S. Article 6252-11c, V.T.C.S., as originally enacted by the Sixty-fifth Legislature in 1977, remains in effect. The 1977 version of article 6252-11c, V.T.C.S., does not apply to the Texas Rehabilitation Commission's contracts with licensed psychologists to provide services directly to the commission's clients.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk