

**Office of the Attorney General**
**State of Texas**

April 16, 1991

**DAN MORALES**
ATTORNEY GENERAL

Honorable Chet Brooks
Chairman
Health and Human Services Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-16

Re: Whether certain registered installers of manufactured housing must obtain certificates of necessity and public convenience from the Railroad Commission pursuant to article 911b, V.T.C.S. (RQ-2161)

Dear Senator Brooks:

You ask whether an installer of manufactured housing who possesses a valid certificate of registration in accordance with the Texas Manufactured Housing Standards Act, article 5221f, V.T.C.S., must obtain a certificate of necessity and public convenience from the Railroad Commission pursuant to the Texas Motor Carrier Act, article 911b, V.T.C.S.[1]

The motor carrier act authorizes the Railroad Commission to regulate the transportation of property for compensation or hire, to prescribe or approve the maximum and minimum rates of regulated carriers, and to adopt regulations ensuring the safety of those carriers' operations. V.T.C.S. art. 911b, § 4(a). Regulated carriers must obtain certificates of public convenience and necessity from the Railroad Commission. *Id.* §§ 5 (certificate requirements for common carriers), 5a (certificate requirements for specialized motor carriers). Section 23 of the motor carrier act provides:

> All laws and parts of laws in conflict herewith are hereby expressly repealed. Provided, however, that nothing in this act shall be construed as giving legislative sanction to any act that

---

[1]We hereafter refer to the Texas Manufactured Housing Standards Act as "the housing act" and the Texas Motor Carrier Act as "the motor carrier act."

would violate the provisions of the Anti-Trust laws of Texas except as otherwise provided in this Act.

The housing act authorizes state regulation of the manufacture, sale, and installation of manufactured housing. V.T.C.S. art. 5221f, § 4 (authority for adoption of state installation and construction requirements). A person may not perform any installation functions on manufactured housing unless he possesses a valid certificate of registration. *Id.* § 7(d). Section 3(10) defines "installation" to mean:

the transporting of manufactured homes or manufactured home components to the place where they will be used by the consumer, the construction of the foundation system, whether temporary or permanent, and the placement and erection of a manufactured home or manufactured home components on the foundation system, and includes supporting, blocking, leveling, securing, anchoring, and proper connection of multiple or expandable sections or components, the installation of air conditioning, and minor adjustments.

Section 18(f) of the housing act provides in pertinent part:

Notwithstanding any provisions of any other statute, regulation, or ordinance to the contrary, a registered retailer or installer is not required to secure any permit, certificate, or license or pay any fee for the transportation of manufactured housing to the place where it is to be installed, except as required by the department [Texas Department of Licensing and Regulation] or by the State Department of Highways and Public Transportation.

In other words, section 18(f) creates an exception to certification requirements that might otherwise be applicable to installers in certain circumstances. It has been suggested that the section 18(f) exemption is not currently effective given section 23 of the motor carrier act. We disagree.

The motor carrier act was originally enacted in 1929. Acts 1929, 41st Leg., ch. 314, at 698. Section 23 was part of the original enactment. *Id.* § 23 at 709. The 1929 version contained the language regarding repeal of conflicting laws. The

phrase "except as otherwise provided in this Act" was added to section 23 in 1981. Acts 1981, 67th Leg., ch. 30, § 3, at 69.

Section 18(f) was added to the housing act in 1979. Acts 1979, 66th Leg., ch. 625, § 17, at 1416-17. As originally added, section 18(f) applied only to installers and was not limited by its terms to registered installers. In 1985 the legislature amended section 18(f) to apply to registered installers. Acts 1985, 69th Leg., ch. 846, § 9, at 2937. Section 18(f) was subsequently and most recently amended in 1987 on passage of House Bill 855 to apply to both registered retailers and installers. Acts 1987, 70th Leg., ch. 1134, § 19, at 3888-89.

Thus, the substance of the housing act exemption was enacted after the substance of the motor carrier act repealer. Further, the most recent re-enactment of the housing act exemption followed the most recent re-enactment of the motor carrier act repealer. Therefore, the housing act exception set out in section 18(f), which applies "notwithstanding any provisions of any other statute," prevails.[2]  *See generally* Texas State Bd. of Pharmacy v. Kittman, 550 S.W.2d 104, 106-07 (Tex. Civ. App.--Tyler 1977, no writ) (act later in time prevails over earlier enactment insofar as acts conflict); 67 Tex. Jur. 3d *Statutes* § 66 (1989) (and authorities cited therein); 1A SUTHERLAND STATUTORY CONSTRUCTION § 23.28 at 406 (4th ed. 1985) (re-enactment of statute repealed expressly or by implication invalidates previous repeal and restores statute to effective operation); *see also* Babcock v. State, 668 S.W.2d 857 (Tex. App.--Austin 1984, writ ref'd n.r.e.) (court refused to consider for the first time on appeal argument that 1979 enactment of section 18(f) of the housing act was repealed by 1981 amendment of section 23 of the motor carrier act).

Your specific question is whether the exception applies to a registered installer who contracts to "pick up [a] used home at the sales lot, deliver it to the homesite, and block and anchor the used home in accordance with state installation standards." Section 18(f) clearly applies to the situation you describe. We do not address the issue of whether the section 18(f) exemption would apply to a registered installer's transportation of a manufactured home that he did not install.

---

[2]There is no indication in the legislative history that the addition of the quoted language to section 23 in 1981 was intended to repeal or limit the scope of section 18(f) of the housing act. *See* House Research Organization, *Daily Floor Report* at 2 (March 26, 1981); *see also* Senate Transp. Comm. Bill Analysis, S.B. 530 at 1, 67th Leg. (1981) (bill concerns collective ratemaking procedures and services).

## SUMMARY

Installers who possess valid certificates of registration as required by the Texas Manufactured Housing Standards Act, article 5221f, V.T.C.S., are exempt from the certificate requirements of the Texas Motor Carrier Act, article 911b, V.T.C.S., with regard to their transportation of manufactured homes that they install at the consumers' homesites.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General